KYNE ET AL. v. KYNE ET AL.

48 21
d95 733

1. Will: RENUNCIATION OF RIGHTS: Under the Revision, if the widow did not object to the will of her husband, and relinquish all rights conferred thereby, she was deemed to have accepted under it; nor would her own will, published some years afterwards, be considered a declaration of her intention to renounce her rights under the will of her husband.

2. ———: CONSTRUCTION OF. Where a will provided that two daughters, among several children, should receive the proceeds of certain life insurance, and that if this did not make their shares equal to those of the other children, the deficiency should be made up from the balance of the estate, *held*, that they were not entitled to the life insurance and, in addition, to as much as each of the other children.

*Appeal from Dubuque Circuit Court.*

TUESDAY, APRIL 2. .

THIS action involves the construction of a will. The facts fully appear in the opinion. The plaintiff, with defendant James B. Kyne, in his own right and as guardian, and Absalom Cain, executor, appeals.

*Graham & Cady* and *W. A. Leathers*, for appellants.

*W. S. Wright*, for appellees.

BECK, J.—I. The cause was submitted upon an agreed abstract, which may be presented here in place of a statement of facts. It is as follows:

Michael Kyne died August 27, 1871, leaving a will, which was duly admitted to probate, the provisions of which, so far as material to this cause, are as follows:

"1st.   It is my wish and desire that all my just debts be fully paid.

"2d.   It is my wish that my property be kept together as much as possible, for the term of five years after my decease; then, when a division of my property becomes necessary, I wish it divided equally among my children, share and share alike.

"3d.   It is my desire that all the income from my estate, after the support of my wife and our children, shall be loaned out at interest for the benefit of the children, until a division is made, then, should my wife be living and desirous, she may have her dower of one-third of all my estate, for her own use and benefit, during her natural life.

"4th.   I will and bequeath to my two daughters, Julia Ann and Mary Ellen, the benefits which arise from a life insurance policy in the Security Life Insurance Company of New York, for the sum of five thousand dollars, to be divided between them equally; and, should the proceeds of said policy not make their shares equal to the shares of the other children, then they are to receive enough from the balance of my estate to make their shares equal with the best; and should said policy, or the proceeds thereof, be realized by them before they attain their age of majority, then I desire and order the proceeds to be placed at interest, on good security, for the use and benefit of said daughters until they attain their age of majority; and should either of my said daughters die before arriving of age, then her share to go to the other."

Bridget Kyne, his widow, took out letters testamentary, with Absalom Cain as co-executor, and carried on the business of the deceased until her death, October 26, 1876.   She never filed any petition for the admeasurement of her dower, nor any paper indicating her election to take under the will,

excepting that she left a will, which was duly admitted to probate, disposing of her estate, as follows;

"*First*, I give and bequeath my sister, Ellen O'Donnell, the sum of fifty dollars, to be paid immediately after death. To Ellen Cook, for her kind attendance on me while sick, one hundred dollars, to be paid immediately after my death. To my daughters, Julia A. and Mary E., two hundred dollars each, to be paid to them when they become of age. And *lastly*, I bequeath the rest of my real and personal estate, (after my legal debts and funeral expenses are paid) to my sons, Mathias Kyne, James Kyne, John Kyne, George Kyne, William Kyne, and Thomas Kyne, between them, share and share alike. Mathias, James and John Kyne, are to have their share on or before two years after my death. The minors, George, William and Thomas Kyne, are to receive their shares when they become of age. Should any of the minors die before becoming of age, his or their share to be divided equally among the balance of my sons living."

Bridget Kyne had no property whatever except such as she acquired from the estate of Michael Kyne, deceased, as his widow.

Michael Kyne left eight children, him surviving, all of whom survived their mother also. They all lived with their mother until her death, and were supported, clothed and educated by her out of the income of the estate. She also received $300 from the guardian of Julia A. Kyne, which was expended in paying her expenses at school.

The guardian of Julia A. Kyne and Mary E. Kyne collected on the policy of insurance on the life of Michael Kyne $4,700, which was invested at 10 per cent interest, and the income accruing therefrom reinvested in like manner, except $300, which was paid over to Mrs. Kyne, as above stated, for the education of Julia A. Kyne.

This action was brought to obtain a judicial construction of the third and fourth paragraphs of the will of Michael Kyne,

deceased.   The court rendered a decree giving the following constructions to the said will:

"1.   That Bridget Kyne took only a life estate in the estate of Michael Kyne, and at her death the real estate vested in his heirs unaffected by the provisions of her will.

"2.   That the proceeds of the insurance policy on the life of the testator bequeathed to the two daughters, Julia A. Kyne and Mary E. Kyne, vested in them immediately upon its collection, and that the same, and the accumulated interest thereon, belongs to them absolutely, and are not to be taken into consideration in the division and settlement of the estate, and that they are to share equally with the other of the children in the distribution of the remainder of the estate."

II.   It will be observed that the testator died in 1871.   The statute in force at that time provides that "the widow's dower cannot be affected by any will of her husband, if she objects thereto, and relinquishes all right conferred upon her by the will.   Rev., § 2435.   This provision requires *action* upon the part of the widow, in order to preserve her right unaffected by the will.   She must *object*, and relinquish all rights conferred by the will.   Silence, and a failure to perform an act of relinquishment, will authorize the conclusion that she accepts under the will.

1. WILL: renunciation of rights.

It is claimed that the will of the widow was a sufficient declaration of her intention to claim dower and a renunciation of her rights under the will.   This view is clearly inadmissible.   The will was not operative until the death of the testator making it.   Until then it was not a binding instrument; it was *ambulatoria voluntas*.   It was unpublished, and in no manner could have been acted upon by others.   It was a private declaration of an intention which she was free to change at any time.   The property of her estate, at her death, was no other or different than that possessed by her while living.   Her will conferred upon her estate no right; it disposed of such property as she held at death, and had no

Kyne v. Kyne.

other effect.   We conclude that the first point of the Circuit Court's decision is correct.

III.   In our opinion, the construction which leads to the other conclusion reached by the court below is not in accord with the intention of the testator as expressed in the will. The second clause of the will expressly declares that the chil-

2. ———: construction of. dren of the testator shall share equally in the divis-ion of his estate.   The fourth clause directs that the proceeds of his life policy shall be paid to his two daughters. But if the sum received by them from this source would not be equal to the amount allotted to each of the other children, it should be increased out of the other property of the estate, so that his daughters should receive equal amounts with his other children.   This direction by no possibility can be followed, if the daughters are to receive the proceeds of the policy in addi-tion to a share in the other property.   Indeed, it could not have been introduced into the will by a rational man, without the discovery of the fact that it is incapable of being followed, except by disposing of the property equally among all the children of the testator.

IV.   The interest upon the proceeds of the life insurance, accruing prior to the time fixed by the will for the division of the estate among the heirs, is to be regarded as a part of the estate, to be used for the support of the family, and to be dis-tributed to the heirs, other than the two daughters to whom the principal is bequeathed.   This construction is clearly de-manded by the second and third clauses of the will.

The cause will be reversed and remanded for further pro-ceedings, in harmony with this opinion.

REVERSED.