Chief Justice Robertson
delivered tlie Opinion of the Court.
ÍN the year 1800, Benjamin Blackford bought from William Conner, ten acres of land, described in the bond, 7 . . . . of that date, for a title, “ as adjoining him (Blackford) on the north,” without any other designation of boundary or locality. But, ten acres were “ laid off” to him, bounded on the north by the land on which he lived, and on the west by the road from Nicholasville to Lexington ; and of the whole of which he retained the possession and exclusive use from 1800 to sometime in 1828, when John H. Hanly enclosed a part of it, which he claims under a deed from William Shrieve to him, for twenty eight acres and three quarters, which ha.dbeen conveyed to Shrieve, in 1814, by Fisher Rice, William Conner and the sheriff of Jessamine, in consequence of a sale under a fieri facias against Rice and Conner, which had been levied on the land as the property of Conner.
A contract in writing, for the sale of land, which contains no description or reference i-dontifying the land, could not he enforced consistently v. ith the statute against Frauds and Perjuries.
Blackford, having paid for the ten acres which hé bought from Conner, filed a bill in Chancery against Hanly, Shrieve, Conner and Jefferson Rice (from'whom, as devisee of Fisher Rice, he had obtained a conveyance, in 1821,) praying-, among other things, that Hanly should be. compelled to relinquish to him all his claim or title to the ten acres or any portion thereof, and alleging that Fisher Rice had, in 1794, sold and covenanted to convey to Wm. Conner one hundred acres of land, including the said ten acres ; that Conner had paid for the hundred acres, and had resided thereon from 1794, until since the sheriff’s sale in 1814; that the said ten acres were publicly and explicitly excepted in the sale by the sheriff, and it was clearly understood that the sale of the twenty eight acres and three quarters, was not to interfere with the ten acres, or disturb his (Blackford’s) right thereto ; that Shrieve, when he had purchased the twenty-eight acres and-three quarters, had full notice of all the foregoing facts, and that Hanly had the like notice when he purchased from Shrieve, and never put up any claim to any part of the ten acres until 1828.
Hardy’s answer does not deny the alleged notice ; but 'Shrieve’s answer denies that he had notice as charged. The truth of the allegations as to the manner of selling the twenty-eight acres and three quarters, and as to Shrieve’s notice thereof, and. of Blackford’s claim and possession, is, however, sufficiently established by the depositions read on the hearing of the cause.
The circuit Court decreed that Hanly should convey to Blackford, by deed of “ quit claim,” all title to any part of the ten acres as claimed by the latter-. To reverse that de-ciee, Hanly and Shrieve have prosecuted this appeal.
The chief objection which has been made to the merits of the decree, is, that it is in defiance of the statute against frauds and perjuries, because, as the covenant from Rice to Conner does not designate the hundred acres which were to have been conveyed, and as the bond from Conner to Blackford does not designate the precise position of the ten acres, the true locality cannot be given -to-either tract without resorting to a species of testimony interdicted by the statute.
Subsequent pur chaser, whose deed recites, that the land was sold as the property of the obligee in a written contract for a title, cannot deny the title of such ob-ligee — he is es-topped by the' recital.
Ten acres ,fad-TOndee^on^the north,” was extendingd(not the whole length of his northern boundary,) but the vendor* land reached,
This objection is, on a superficial view, specious and imposing ; but it will not stand the test of a more thor-Giigi) scrutiny, ,
The bond from Rice to Conner contains no description or reference which could furnish a clue for identifying the land of which it acknowledges the sale ; and it may therefore be conceded, that, as between Riceand Conner, or as between any person holding as a bona fide purchaser from Rice, and any other person claiming under Conner, a specific execution of the contract between Rice and Conner could not be decreed consistently with the statute.
But Hanly does not stand in the attitude of a bona fide purchaser from Rice. The recital in' the deed from Rice, Conner and the sheriff, shews that the land was sold as the property of Conner. This is surely a sufficient recognition in writing of the title of Conner ; and must operate as an estoppel against Rice and Shrieve, and Hanly as purchaser from Shrieve.
It is not material whether Conner acquired his right to the land from the vague bond alone, which has been exhibited, or from some other source, or in some other mode. The deed to Shrieve operates as plenary and con-, elusive proof against Rice, Shrieve and Hanly, that Conner, and not Rice, was the true owner of the land, in equity at least, and that Shrieve acquired his title — equitable, if not legal — from Conner alone; and consequently, both he and Hanly are estopped to deny Conner’s title at the date of the Sheriff’s sale.
• As, therefore, both Shrieve and Hanly had notice of Blackford’s contract, and as,his ten acres were excepted from the sale, the’statute against frauds aud perjuries cannot be applied in their behalf, unless the bqnd to Blackford is insufficient.
Blackford’s tract of land lies on both sides of the road leading to Lexington, and the ten acres which he bought from Conner (and as always claimed by him, and as decreed,) lie altogether on the east of the road, and adjoin bis original tract on the north, in its whole extont from , , ,. , the road eastwardly.
The appellants insist that, according to the bond, the ten acres should be so laid off as to adjoin Blackford’s *4 tract on the north, to the whole extent of his norther» boundary, on both sides of the road, and that, by thus, placing his ten acres, there will be no interference with fíanl'y.
Such description (“adjoining him on the north”) in a bond far a title, to land of the vendor adjoining land of the vendee, is sufficiently definite to take the case out of the statute of Frauds and Perjuries.
Depositions taken upon notice to some, not all, of the adverse party,, may be ' used against those who had notice.
No proofis necessary against those vho admit the allegations of a bill, by failing to an-sa er.
A decree should not be reversed for the improper admission of a deposition, if there was sufficient proof without it.
A remote grant- or (orhis heirs) from v hose ven dee thecoatond-ing parties both derive title,need not be made a party to their suit.
*4 But an important fact, decisive on this point, seems to have been overlooked by the appellants : it is, that the whole of Conner's land lay on the east of the road, and consequently, uten acres adjoining Blackford on the north” must necessarily lie altogether on the east of the road, and should, as decreed, be bounded on the north by the dividing line between Conner and Blackford as far as their tracts were thus coterminous ; and it thus appears, not only that the ten acres were sufficiently described in the bond, but that they have been properly bounded by the decree of the circuit court.
The appellants also insist, that some depositions, to which they objected, were improperly permitted to be read on the hearing; and that all the proper parties were not made.
But neither of these objections can have any effect on the decree. The only objection to the depositions (except that of Jameson,) was that the notice was served on the appellants only. The circuit court decided that the depositions thus taken were evidence against the appellants only ; and to that extent they certainly were admissible. No proof was necessary against Conner, because, by failing to answer, he admitted the allegations of the bill. Nor was any proof against J. Rice necessary, not only for the same reason, but also, because the deed of 1814, was conclusive on his father and on all persons claiming under him. As the proof of the bond from Rice to Conner, was rendered immaterial by the estop-pel in the deed of 1814, and the sheriff’s sale, and the notice to Shrieve and Hardy, the decree, authorized as it was by the facts, independently of any proof of that bond, should not be reversed, even if the circuit court erroneously permitted Jameson’s deposition to be read to prove the genuineness of the bond.
And it also appears from the foregoing view, that there is no defect of parties. Fisher Rice would not, had he been living, have been a necessary party, because- *5 lie had acknowledged, by the deed of 1814, that Conner owned the land : and consequently, the heirs of Fisher Rice could not have been necessary parties in any view of the case, as presented by the record.
Wherefore it seems to this court, that the decree of circuit court is right, and should be affirmed.