OVERSEERS OF THE POOR OF THE TOWN OF WINDHAM *versus* THE CITY OF PORTLAND.

Where a physician visited a person in need of relief, and without ability to make payment therefor, residing in another town, and afterwards informed one of the overseers of the poor of the town wherein the sick man had his residence, who was authorized to act for the whole board, that he was visiting the man, stated his situation, and said that he should look to the town for payment of his bill, but the overseer made no reply; it was held, that the town was not thereby made liable, on an implied contract, to pay the bill.

And if the services of the physician were rendered before the patient had resided five years within the town, and his bill was paid by the town after the five years had elapsed, it does not amount to such furnishing of supplies as will prevent the gaining of a settlement by such residence.

THIS was a complaint under the statute, originally instituted before a justice of the peace, wherein the complainants allege, that one Samuel Rand, whose legal settlement was in Portland, was found in distress and in need of immediate relief in Windham, and prayed that the lawful settlement of Rand might be adjudged to be in Portland, and that he might be removed to that city. The complaint was dated June 22, 1842. The facts are stated at the commencement of the opinion of the Court.

*Codman & Fox*, argued for the complainants; and cited *Corinna* v. *Exeter*, 1 Shepl. 321; *East Sudbury* v. *Waltham*, 13 Mass. R. 460; *East Sudbury* v. *Sudbury* 12 Pick. 1; *Windsor* v. *China*, 4 Greenl. 298.

*W. P. Fessenden*, argued for the defendants, citing *Standish* v. *Gray*, 18 Maine R. 92, and *Miller* v. *Somerset*, 14 Mass. R. 396.

The opinion of the Court, the parties having agreed upon the record that the Judges residing in Portland should sit in the case, was drawn up by

TENNEY J. — This is a complaint in behalf of the inhabitants of the town of Windham for the removal of Samuel Rand and his family, alleged to have their settlement in the city of Portland. No removal can be adjudged, unless at the

time of the final adjudication, the settlement is established to be as alleged in the complaint.

The settlement of Samuel Rand was in Portland on the 11th of September, 1837, on which day he had supplies as a pauper from the town of Windham, where he and his family then dwelt and had their home. They continued to reside in Windham, till the 16th of September, 1842, a period of more than five years. This was sufficient to transfer their settlement from Portland to Windham, unless they had assistance as paupers within that time; and this the complainants contend was the fact.

Doctor Buzzell, an inhabitant of Gorham, visited the family as a physician on the 9th of February and the 16th and 28th of March, 1842, and furnished them with medicine; they stood in need of these services and medicine, and Rand was unable to pay therefor. On his return from the first visit, Doctor Buzzell informed one of the overseers of the poor of Windham, that he was visiting the family of Rand, told him their situation, and that he should look to the town for compensation, but he gave no notice to either of the overseers of his visits on the 16th and 28th of March, till April, when he called and obtained an order of the overseers for his bill. He never was requested by Rand to call on the town, never demanded payment of Rand, and did not inform him, that he had made the charge to the town. When the overseer was notified, the reply thereto was not recollected by the witness; but it appeared that he inquired, what was the matter with the wife of Rand, the patient visited, and about the health of the family, and that he did not forbid the Doctor from attending her at the expense of the town.

By chap. 32, § 48, of the Revised Statutes, "every town shall be held to pay any expense, which may be necessarily incurred for the relief of a pauper by any inhabitant, &c." Assuming that the expense for the relief of the family of Rand was necessarily incurred, and that a part of it at least was after a notice and request made to the overseers of the town of Windham, the individual, who furnished the supplies and

rendered the assistance was not an inhabitant of that town, and therefore the town could not be liable for the expense incurred.

The evidence relied upon by the complainants is not sufficient to imply a contract between the physician and the overseers of the town. After the first visit, he informed one of the overseers, who it appears was authorized to act for the whole board, that he was visiting Rand's family, named their situation, and that he should look to the town for payment of his bill. It does not appear that there was any word or act, signifying the consent of the overseer, that the visits should be continued at the expense of the town, and does not appear that any visit was made for more than a month subsequent thereto. No contract can be inferred from this evidence.

The physician's bill was settled and paid by the town of Windham, and it is insisted that therefore the family of Rand received supplies as paupers, which interrupted the residence of five years, so as to prevent a change of settlement. The question whether Rand and his family were paupers, in consequence of the assistance rendered by Doctor Buzzell, must depend upon the facts existing at, before and after the aid was given, connected with supplies furnished, and not upon any voluntary subsequent act of the overseers. It may have been proper, that the physician should be paid, but if he did not render the service under such circumstances as to make the town liable, no other town could be affected by the acts of the overseers after the whole expense was incurred.

*Nonsuit confirmed.*