## OLIVE *v.* DOUGHERTY.

There is no resulting trust in real estate, where there was no undertaking to buy, no money furnished, and no written memorandum of the arrangement.

To constitute a resulting trust by parole, it should be conclusively proved that the purchase money belonged to the *cestui que trust* or was advanced for him by some other person as a loan or gift.

To sustain a bill for specific performance of a parole agreement, the material allegations in the bill should be sustained by proof ; and sufficient performance should be shown to take the case out of the statute of frauds.

A party claiming specific performance must show his full compliance with all the terms of the contract.

A contract for specific performance should be mutual and certain in all its parts.

IN EQUITY. *Appeal from Lee District Court.*

*Opinion by* GREENE, J. Suit by J. Olive for specific performance. The bill alleges a verbal agreement, under which it is averred that complainant entered into possession, and made valuable improvements on part of a lot in Keokuk.

The answer denies the agreement, and sets up the statute of frauds. Upon this issue and the depositions, the cause was submitted to the court, and the prayer of the bill was refused for want of equity.

Complainant now urges that the court below erred in dismissing the bill; and that the relation of trustee and *cestui que trust* exhisted between the parties. But the averments in the bill show no such relation. It merely shows that in June, 1845, Jones and Dougherty were in possession of a lot in the city of Keokuk, of which J. had 25 by 50 feet, and D. the balance, that there was an understanding between them that, when title could be obtained, they would purchase the lot and each hold the part he occupied; that in March, 1846, D. purchased the partition

title to said lot; took a deed, and gave a mortgage for the purchase money, payable in one, two and three years; that D. recognized the arrangement after the purchase; that J. sold his right to Olive in April, 1847; that O. took possession, depending upon the arrangement with D. for title; and that J. and O. always stood ready to pay for their portion of the lot; that subsequently D. sold to Fletcher. But there is no averment that J. or his grantee, O., ever offered to pay or assume their portion of the purchase money, or ever placed themselves in a situation in which they would be justified in demanding a deed.

It appears that D. & J. were both in possession of portions of the lot, and had made the improvements before they talked of any arrangement to secure title, and by that arrangement neither of the parties assumed the trust. There was no undertaking to buy the lot; either of them might do it, or neither. No consideration or written memorandum of the arrangement was passed between the parties. There was no fiduciary relation established; no confidence reposed, no trust created.

According to Barnardeston C. R. 388, there are only two kinds of trusts by operation of law; either where the deed has been taken in the name of one, and the purchase money paid by another; or where the owner of an estate has made a voluntary conveyance of it, and declared the trust, in part, to be for another, but is silent as to the other part.

The present case falls far short of this rule. The purchase money was not paid by J., nor was any portion ever tendered to D., in whose name the lot was entered, and still the whole foundation of such a trust is the payment of the purchase moneys.

Again, the rule prevails without exception, that unless the trust arise on the face of the deed itself, the proofs must be clear and conclusive—1 Bibb. 609; 3 John. 222; 2 Serg. and Rawle 527; 3 Ves., Jr. 705; 10 ib. 511; 1 Vern.

Olive v. Dougherty.

366; 2 Atk. 71; 23 Maine 410—and, however clear the proof may be, it has been doubted whether parole evidence is admissable against the sworn answer of the defendant, denying the trust. 2 Atk. 155; 4 East. 577; 29 Maine 410. In cases where such evidence has been held admissible, it was received with great caution. 1 Bibb. 609; 1 John. Ch. R. 582; 2 ib. 405; 4 Blackf. 539; 5 J. J. Marsh. 590; 5 Porter 195; 8 S. and R. 484. But in *Botsford* v. *Burr*, 2 John. Ch. R. 404, it was held, that if the person who sets up a resulting trust has, in fact, paid no part of the consideration money, he will not be allowed to show, by parole proof, that the purchase was made for his benefit; held also, that any payment, or advance of money, *after* the purchase, can not raise a resulting trust, without overturning the statute of frauds. 4 East. 577; 7 Cranch. 177; *Mahomer* v. *Harrison*, 13 S. and M. 53; *Rathbun* v. *Rathbun*, 6 Barb. 98.

We think the authorities clearly establish the doctrine that to constitute a resulting trust in real estate, by parole, it should be conclusively proved that the purchase money belonged to the *cestui que trust*, or was advanced for him by some other person, as a loan or gift. *Getman* v. *Getman*, 1 Barb. Ch. R. 299; Sugd. on Ven. 140; Hill on Trustees 92; *Shoemaker* v. *Smith*, 11 Hum. Tenr. 81. Under the authorities, it obviously follows that no trust is established in the present case.

But there are other reasons which justified the court in dismissing the bill. The agreement, alleged in the bill, is not sustained by the proof, nor is a sufficient performance shown to take the case out of the statute of frauds. Even in the agreement alleged, there is no certainty as to time of performance, or the price to be paid. It also shows a want of mutuality. D. was not bound to purchase title, nor was J. under any obligation to buy of him, if he did purchase. There was no reciprocity, no mutual obligation,

no consideration, in a word, no contract between the parties. Nor did complainant tender his share of the purchase money to defendant, but filed his bill for a specific performance, without having first placed himself in a situation to claim equity. He who seeks, must first do equity.

A party claiming specific performance, must show his full compliance with all the terms of the contract. 2 Story Eq. Jr. §§ 271, 276; 1 Scam. 54; 1 How. U. S. 76.

The contract must be mutual, the tie reciprocal, or a court of equity will not enforce a performance. Harring Ch. R. 124, 420; 1 Ham. 14; 6 ib. 383.

The contract to be enforced, must be certain in all its parts, and clearly ascertained. 2 Story Eq. Jr. §§ 751, 767; 6 Paige 288; Harring Ch. 124; 1 Gilman 454; 14 Peters 77, 82.

In this case, therefore, we are clearly of the opinion that the court below decided correctly.

Decree affirmed.

*Hall & Phelps*, for appellants.

*Geo. C. Dixon*, for appellee.