## G. M. D. STONER, ET AL., *v.* R. TALIAFERRO, ET AL.

**Adverse Possession.**
   One cannot extend his possession over land not adoining his lands, by construction.

**Specific Performance—Description.**
   A contract for the sale of land which does not describe the land as being even in a certain state or county is too uncertain to be enforceable in an action for specific performance.

APPEAL FROM BULLITT CIRCUIT COURT.

April 28, 1876.

OPINION BY JUDGE LINDSAY:

It is averred in the petition that the fifty acres of land in dispute is part of the Platte survey, and that it was allotted to J. M. Doom in the partition of lands of which his father, Ben Doom, deceased, died seized. It is also averred that it is covered by the conveyances of J. M. Doom to Taliaferro and Clark.

The answer does not controvert the fact that said land is embraced by the conveyances just mentioned, and virtually concedes that it is part of the Platte survey. .The pleadings, therefore, settle that appellees are the owners of said land, and entitled to a recovery on account of the admitted cutting of the timber, trees and hoop holes, and the removal of the tan bark, unless either the alleged purchase of Hoglan, of which they had notice, or this averred holding of his heirs at law at the time this conveyance to Taliaferro & Clark were made, defeat their titles.

This tract of land does not adjoin the lands of the Hoglan heirs. They could not, therefore, extend their possession over it by construction. The proof shows very clearly that there was no one living in the tract, and that there was no settlement or open land upon it in 1859, when Taliaferro and Clark bought from J. M. Doom. Stoner, the ancestor of these appellants, did not commence to purchase the interests of the Hoglan heirs until the year 1860, one year after the making of the conveyances by Doom to the persons under whom these appellees claim title. It is manifest that up to 1860 there had been no actual adverse possession of the lands by the appellants or by the Hoglan heirs.

The defense founded upon the statutes against champertous purchases cannot prevail. Notice to Clark and Taliaferro of the claim of the Hoglan heirs is also ineffectual to defeat the title of the appellees, unless their claim was an enforceable one. The contract between Ben Doom, deceased, and Hoglan was evidently an oral agreement in the beginning.

The receipt of November 16, 1844, is not sufficient to take said contract out of the operation of the statute of frauds. That receipt acknowledges the payment of the purchase price for fifty acres of land, and contains a promise to convey the same. But it does not pretend to describe the land at all, not even stating that it lies in Bullitt county or in the state of Kentucky. Such a writing has uni-

formly been held to be unenforceable in an action for a specific exe-
cution of a contract for the sale of lands, and therefore not such a
written memorandum as is required by the statute against frauds.
*Kay & Casey v. Curd, et al.,* 6 B. Mon. 100; *Ellis v. Deadman's
Heirs,* 4 Bibb 466; *Fugate v. Hansford's Ex'rs, et al.,* 3 Little 262;
*Hanly & Shrieve v. Blackford,* 1 Dana 1.

Appellants failing to defeat the title of the appellees, the judgment
for the damages resulting from the trespass followed as a matter of
necessity from the pleadings. The amount of the judgment is fully
sustained both by the admissions of appellants in their answer, and
by the proof in the record.

Judgment *affirmed.*

*W. R. Thompson, for appellants. R. J. Megler, for appellees.*