## PRESTON *v.* PRESTON.

1. A contract for the conveyance of lands, which a court of equity will specifically enforce, must be certain in its terms, and the certainty required has reference both to the description of the property and the estate to be conveyed. Accordingly, where the property could not be identified, specific performance was denied.

2. Where one having such a contract permitted the other party to execute a deed of trust of the lands to a trustee to secure certain indebtedness, with a power to sell them, if necessary, for the payment of such indebtedness, — *Held*, that he had waived his right to the conveyance, or, at least, had subordinated it to the interest of the trustee and the purchasers under him.

3. The delay of a party in taking proceedings to enforce such a contract for a period which would bar an action at law for the property is, except under special circumstances, such laches as disentitle him to the aid of a court of equity.

APPEAL from the Circuit Court of the United States for the Western District of Virginia.

This is a suit brought in the court below, Jan. 8, 1873, by John Preston, Jr., against Thomas L. Preston, James C. Campbell, Arthur C. Cummings, William Alex. Stuart, and George W. Palmer, for the specific performance of an agreement made Aug. 30, 1847, for the conveyance of certain lands.

The court below dismissed the bill, whereupon the complainant appealed here.

The facts in the case are fully stated in the opinion of the court.

*Mr. William L. Royall* for the appellant.

*Mr. Thomas J. Kirkpatrick, contra.*

MR. JUSTICE FIELD delivered the opinion of the court.

This is a suit to enforce the specific performance of an agreement for the conveyance of certain lands in Virginia. It appears from the record that in 1846 one Sarah B. Preston, of Abingdon, in that State, died possessed of a large amount of real property, embracing the premises in controversy. By her last will and testament, which was duly probated, she made the following devise: —

" I give and devise to my three sons, William C. Preston, John S. Preston, and Thomas L. Preston, and to their several heirs for ever, my salt-works estate, embracing and including therein as well

the original and principal tract containing the wells, as all the additions subsequently acquired, and all my lands of every description, whether cleared or woodland, either adjacent to or in the vicinity of the salt-works estate, in the counties of Smyth and Washington."

Upon the property thus devised the testator charged the payment of certain legacies to the amount of $80,000. She also made her three sons her residuary devisees. In August of the following year, John S. Preston, one of the devisees, by an agreement in writing sold to his brother, Thomas L. Preston, all the interest which he had acquired under the will in the salt-works estate and adjoining lands and as residuary devisee.

It would appear from the recitals in the deed of trust made to secure the purchase-money, as hereafter mentioned, that a conveyance of the property was on the same day executed and delivered to Thomas L. Preston in conformity with this agreement, though it was never placed on record. In consideration of this sale, and of the transfer of certain partnership claims and other personal property, Thomas L. Preston agreed to pay John S. Preston $50,000 on or before the first day of January, 1860, with interest, and to secure the same by a mortgage or deed of trust of the property; to assume the payment of the legacies charged upon the salt-works estate; to indemnify his brother against liability for the debts of sundry partnerships of which he was a member, and to convey to him a tract of land described as " adjoining the salt-works estate, containing about three hundred and fifty acres, and known as the Campbellsville tract, and also a sufficient quantity of other lands adjoining the said tract, to make up the quantity of five hundred acres of land." In compliance with this agreement, and on the same day, Thomas L. Preston executed a deed of trust of the real property to a trustee to secure the payment of the $50,000 and interest. But no conveyance of the Campbellsville tract and adjoining lands was ever made by him to his brother; and it is to compel such conveyance that the present suit is brought. The complainant acquired whatever interest he possesses in the land by purchase from John S. Preston in 1870.

To the maintenance of this suit there are insuperable objections. In the first place, the property of which a conveyance

is sought has not been identified; and it would seem that at this day it is incapable of identification. Numerous witnesses were called to testify as to the locality ard bounds of the Campbellsville tract; but no one of them could speak with knowledge on the subject. Most of them could give only impressions. Old residents in the neighborhood had never heard of the tract, and no deed or record could be found which referred to any property by that name. The bill, it is true, alleges that the tract was well known and distinguished from other parts of the salt-works estate, and could be easily marked out by metes and bounds; but no proof supported the allegation. The two Prestons, between whom the agreement was made, were examined in the case; and, though they stated that the tract could be easily identified, they both failed to show with any certainty what and where it was, further than that it was a part of the estate lying north of Holston River. But north of that river lay between seven and eight hundred acres, equally a portion of that estate, and no separation of the part sold from the rest was shown. Until the Campbellsville tract could be identified, adjoining lands could not be selected to make up the stipulated five hundred acres. It may be doubted whether, even in a controversy between the original parties, a court of equity would compel the execution of a conveyance with the vague description of the agreement. But as here the whole property, of which the land sold constitutes only a portion, had passed for a valuable consideration to third parties, it was essential that the complainant, seeking to enforce a conveyance from them, should be able to point out with distinctness the property which he claimed. It is a familiar rule in this branch of the law that a contract, which a court of equity will specifically enforce, must be certain as well as fair in its terms; and the certainty required has reference both to the description of the property and the estate to be conveyed. Uncertainty as to either, not capable of being removed by extrinsic evidence, is fatal to any suit for a specific performance.

In the second place, John S. Preston virtually consented to a sale of the premises in controversy. Although his brother upon his purchase had agreed to convey back to him this portion of the estate, he at once transferred the whole property to

a trustee to secure the purchase-money. To this transfer John made no objection, either to the form of the deed of trust or to its contents. Executed as it was for his security, it will be presumed to have been executed with his knowledge. If he had any objection to the use made of the property, it was his duty to declare it at the time. Silence then was acquiescence.

Subsequently, in April, 1848, the other brother, William C. Preston, for the consideration of $25,000, also conveyed his interest in the estate to Thomas L. Preston; and in January, 1850, the latter executed to the same trustee a deed of trust of the interest thus acquired and his previous interest to secure the purchase-money. In July, 1859, having become embarrassed, he made a general deed of trust, by which he conveyed the entire salt-works estate, and adjoining lands and other property, to a new trustee, in trust, among other things, to secure the payment of incumbrances and liens upon the property held by John S. Preston, amounting to about $110,000, and by William C. Preston, amounting to about $25,000. In June, 1862, this new trustee sold the property, with other interests, to Stuart, Palmer, and Parker for the consideration of $425,000, and soon afterwards they went into its possession. Neither to this deed of trust did John S. Preston make any objection in respect either to its form or contents; and for years afterwards he received from the trustee large sums of money. Under these circumstances, he must be held to have waived any right to a conveyance of the Campbellsville tract, whatever that might have been, and adjoining lands, or at least to have subordinated it to that of the trustees named in the deeds of trust and of purchasers under them.

In the third place, the present suit is brought too late. By the law of Virginia, the limitation to real actions for land lying west of the Alleghany Mountains is ten years. By analogy with that law, a court of equity will, under circumstances like the present, treat as barred within the same period a suit for the conveyance of lands situated as these are in that part of the State. That period had elapsed after the purchase of the defendants before this suit was instituted, and more than a quarter of a century had passed since the contract was made

the enforcement of which is sought. The delay of one to this extent in prosecuting his rights under a contract is, except under special circumstances not existing here, such laches as disentitle him to the aid of a court of equity.

*Decree affirmed.*