D. KIRKPATRICK, Appellee, v. A. W. PETTIS and MAGGIE PETTIS, Appellants.

**Specific performance:** SALE OF LAND: INSUFFICIENCY OF DESCRIPTION. Specific performance of a contract to convey land will not be decreed, where the evidence fails to point out and designate the land to be conveyed with a certainty sufficient to guide a surveyor in locating its lines and corners.

*Appeal from Johnson District Court.*— HON. O. A. BYINGTON, Judge.

MONDAY, JUNE 12, 1905.

ACTION in equity for specific performance of an alleged contract to convey land. Decree for plaintiff, and defendants appeal.— *Reversed.*

*M. J. Wade* and *H. E. Porter,* for appellants.

*Milton Remley,* for appellee.

WEAVER, J.— The petition seeks to enforce specific performance of an alleged oral contract to convey a tract of land described as follows: " Three acres of land in the southwest corner of the south half of the northeast quarter of Sec. 10; Township 77, north of Range 5, west of the 5th P. M. to extend north on Devoe St. in the town of Lone Tree, eight rods from the right of way of the Chicago, Rock Island and Pacific Railroad, and not to exceed 9 rods, running eastwardly parallel with the right of way of the said railway far enough to make, within the description, three acres of land." Upon this contract it is further

alleged that plaintiff paid to the defendant A. W. Pettis the sum of $10, which payment was evidenced by the written receipt of said defendant in the following form: "Lone Tree, Iowa, Sept. 4th, 1903. Received of J. M. Lee, agent for D. Kirkpatrick, $10.00, to apply on three acres of land, north of right R. road, 8 rods not to exceed nine rods north; east to take in three acres. A. W. Pettis." The answer of the defendants consists solely of general and specific denials of the averments of the petition and a plea of the statute of frauds. The testimony tends to show that there was some negotiation between one Lee, as agent of the plaintiff, and the defendant A. W. Pettis, for the sale by the latter to said plaintiff of a three-acre tract of land, but no witness undertakes to describe it more definitely than as "a piece of ground," "this land," "three acres of land on the north side of the right of way of the railroad track," "three acres of land eight or nine rods wide on the west side to be land [laid?] due east and to take in three acres, not the well, about four feet from the well."

It is a well-established rule that specific performance will not be granted where there is uncertainty, ambiguity, or doubt respecting the subject-matter of the contract. 1 Story's Equity Jurisprudence, section 767; *Colson v. Thompson,* 2 Wheat. 336 (4 L. Ed. 253); *Brown v. Lord,* 7 Ore. 302; *Olive v. Dougherty,* 3 Greene, 371; *Blum v. Robertson,* 24 Cal. 142; *Appeal of Cortelyou,* 102 Pa. 576; *Minturn v. Baylis,* 33 Cal. 133; *Mathews v. Jarrett,* 20 W. Va. 415; *Blanchard v. R. R. Co.,* 31 Mich. 59 (18 Am. Rep. 142); *Johnson v. Craig,* 21 Ark. 533; *Hamilton v. Harvey,* 121 Ill. 469 (13 N. E. Rep. 210, 2 Am. St. Rep. 118); *Jordan v. Fay,* 40 Me. 130; *Murdock v. Anderson,* 57 N. C. 77; *Lanz v. McLaughlin,* 14 Minn. 72 (Gil. 55); *Preston v. Preston,* 95 U. S. 200 (24 L. Ed. 494). It would be difficult indeed to concoct a description of land more uncertain, ambiguous, or doubtful than is here disclosed. The description given in the petition is not seriously objectionable in

this respect, but the testimony nowhere points out or designates this specific tract as the particular tract of land which Pettis undertook to convey. The answer puts in issue all the allegations of the petition, and the burden was on plaintiff to establish the essential facts by at least a fair preponderance of the evidence. In this respect the record as contained in the abstracts before us indicates a failure of proof.

We may admit for the sake of the argument that, notwithstanding the vague and uncertain language contained in the receipt and in the talk between the parties, it was competent for plaintiff to show by parol the exact location of the land which they had in mind. It is a recognized maxim of equity that a thing is certain which is capable of being made certain, but the proof by which it is rendered certain must be laid before the court for its guidance in framing the decree which fixes the rights and equities of the parties. The absence of such proof in the instant case leaves the record entirely too vague to support the decree in the plaintiff's favor. Lay aside the description contained in the petition, and every attempt to locate the land from the testimony offered must fail. Nowhere by any witness is any reference made to the section, township, or range in which the land is to be found, or the street or streets by which it is bounded. Such attempts at description as are in fact made are so hazy and indefinite as to afford no intelligible guide to a surveyor in discovering its location or establishing its lines or corners. That such an agreement cannot be specifically enforced is sufficiently established by the authorities heretofore cited. It is also a matter of much doubt whether the alleged agreement as to the terms and conditions on which the sale was to be made have been so clearly established as to sustain a demand for specific performance, but the conclusion already announced renders it unnecessary to pass upon this or other objections argued by counsel.

The decree of the district court is *reversed.*