# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

FORDYCE LUMBER COMPANY *v.* WALLACE.

Opinion delivered December 23, 1907.

1. SPECIFIC PERFORMANCE—INDEFINITENESS OF CONTRACT.—A written contract for the sale of the timber on 230 acres of land in a certain section, without describing the land more definitely or furnishing a key by which it may be identified, is too indefinite to satisfy the statute of frauds, and will not be enforced. (Page 3.)

2. SAME—ENTIRETY OF CONTRACT.—A written contract for the sale, for a gross consideration, of 160 acres in a certain section, which is properly described, and of the timber on 230 acres of land in the same section, which is not identified, is not enforcible as to either tract of land. (Page 4.)

3. APPEAL—HARMLESS ERROR.—A decree of a chancellor which is correct upon the whole case will not be reversed, though based upon erroneous conclusions of fact. (Page 4.)

Appeal from Dallas Chancery Court; *Emon O. Mahoney,* Chancellor; affirmed.

*T. B. Morton* and *Gaughan & Sifford,* for appellant.

The burden of proof was upon the appellee, and this burden he failed to discharge. The preponderance of the evidence is contrary to his contention that the contract was conditioned upon his wife's signing the deed.

*Harry H. Myers* and *U. S. Bratton,* for appellee.

1. The proofs show that there was no contract, but, if there was a contract, appellant's remedy was complete and adequate at law, and it was not entitled to relief in equity. 7 Ark. 520; 13 Ark. 630; 26 Ark. 649; 27 Ark. 97; *Id.* 157; 48 Ark. 331; 32 Ark. 478.

2. "Where the wife refuses to join her husband in a conveyance of land which he has agreed to convey, and there is no

fraud in the transaction, equity will not compel the husband to procure a conveyance or release the dower interest of the wife, nor require him to furnish indemnity against her dower." 23 N. J. Eq. 282; 90 Am. Dec. 616. Equity will not enforce specific performance where the vendor is unable to furnish a marketable title, nor where the interest to be conveyed is uncertain, indefinite and unascertainable. 54 Pa. 455; 2 W. Va. 67; 33 Fed. 1; 35 Pa. 381; 51 Pa. 279; 23 Ark. 421. See also 44 Ark. 334.

McCULLOCH, J. Appellant, Fordyce Lumber Company, instituted this suit in the chancery court of Dallas County to compel specific performance of an alleged agreement of appellee, Wallace, whereby the latter undertook to sell and convey, for a stipulated price, eighty acres of land and the pine timber on two hundred and thirty acres of land in that county. The complaint accurately describes the land to be conveyed and also the land on which the timber is situated. It states that at the time of said sale the plaintiff executed to the defendant its promissory note for $1,650, the agreed price of the land and timber, and that in said note a description of the land and timber and a recital of the terms and conditions of the sale were stated.

Appellee filed his answer, in which he denied that he ever sold or agreed to sell the land and timber described in said complaint for the sum of $1,650 or any other sum; denied that he owned all the lands described in the complaint, or that he had entered into any contract with the plaintiff for the sale of any lands or timber. He admitted that the plaintiff had delivered to him its note for the purchase price of said land, and that he verbally agreed to convey the land and timber to plaintiff on condition that he could secure his wife's signature to the deed, but that his wife had refused to join in the conveyance.

On the trial of the case the said instrument of writing, which both parties designated in the pleading as plaintiff's note for the purchase price for the land and timber, was introduced in evidence, and is in the following form:

"Fordyce, Ark., May 17, 1904.

"On January 1, 1905, we promise to pay to W. M. Wallace sixteen hundred fifty dollars. This is the purchase price of pine timber on two hundred thirty acres of land in section 16-7-

14, which is to be removed within five years from date or $100 per year paid after that date until it is removed. Also warranty deed to east one-half southeast quarter section 6-7-14, with interest from maturity at eight per cent. per annum.

"Fordyce Lumber Company, by C. V. Edgar, Sec'y & M'g'r.
"Accepted: W. M. Wallace."

The chancellor found that the alleged agreement, contained in the writing set forth above, was a conditional sale, and was conditioned on defendant's wife joining in the execution of proper conveyance, which she had refused to do; and the court dismissed the complaint for want of equity.

We think that the chancellor erred in dismissing the complaint on that ground, but that his decree is right upon other grounds. The testimony as to there being no condition attached to the alleged agreement clearly preponderates in favor of the plaintiff. It is unnecessary for us to determine whether under the circumstances oral evidence was competent to show that the instrument in question was executed and delivered to the defendant on condition, as we find that the evidence does not sustain the holding that it was delivered on condition.

This court holds, however, and sustains the decree upon the ground, that the description of the property in the alleged agreement was too uncertain and indefinite to justify a court of equity in decreeing specific performance thereof. The land which was the subject of the sale was accurately described, but the timber is merely described as "pine timber on two hundred thirty acres of land in section 16-7-14." Before a court of equity is justified in requiring specific performance of a contract to convey land, the property which is the subject of the contract must be accurately described; the contract must disclose a description which is in itself definite and certain, or one which is capable of being made certain by other proof, the contract itself furnishing the key by which the property may be identified. 3 Page on Contracts, § 1619; *Hanly* v. *Blackford,* 1 Dana, 1; *Glos* v. *Wilson,* 198 Ill. 44; *Dreiske* v. *Eisendrath Co.,* 214 Ill. 199; *Tippins* v. *Phillips,* 123 Ga. 415; *Agnew* v. *So. Ave. Land Co.,* 204 Pa. St. 192; *Powers* v. *Rude,* 14 Okla. 381; *Kirkpatrick* v. *Pettis,* 127 Ia. 611.

The description in the contract must be as definite and cer-

tain as that required in a deed of conveyance. Nothing less will satisfy the statute of frauds, which requires that such contracts must be in writing.

The Supreme Court of Georgia in the case of *Tippins* v. *Phillips,* 123 Ga. 415, said: "The statute of frauds requires all contracts for the sale of land or any interest therein to be in writing, signed by the party to be charged therewith or some person by him lawfully authoriztd. Every essential element of the sale must be expressed in the writing, to meet the statutory requirement. One of the essentials is that the land must be so described that it is capable of identification. While it is not necessary that the land be described with such precision that its location and identity are apparent from the description alone, yet the description must be sufficiently clear to indicate with reasonable certainty the land intended to be conveyed. Parol evidence can not be invoked in aid of a vague and uncertain description, but is available, under the maxim *id certum est quod certum reddi potest,* to show the application of a description which itself furnishes a means of identification. If the land is so imperfectly and indefinitely described in the writing that no particular tract or lot is designated, parol evidence is not admissible to supply a description."

There is no effort made in this case to have the contract reformed, no allegation that any mistake was made in the preparation of the contract, or other allegation which would call for a reformation. The contract expressed a gross consideration for the land and timber; and as there is no way to separate the consideration, the contract cannot be enforced in part.

Inasmuch as the decree is correct upon the whole case, though based upon erroneous conclusions of fact reached by the chancellor, the same is affirmed.