# Staunton.

## HAGAN v. TAYLOR AND OTHERS.

### September 9, 1909.

### Absent, Buchanan, J.

1. PARTITION—*Parties—Legal Title in Plaintiff—Equitable Interests of Defendants.*—A party holding the legal title to the whole of a tract of land, in an undivided two-thirds of which others own the complete equitable estate, with the right to call for the legal title, may, under the liberal provisions of section 2565 of the Code, file a bill against such others for a partition of the whole.

2. SPECIFIC PERFORMANCE—*Rescission—Burden of Proof.*—In a suit for specific performance the burden of proofs is primarily upon the plaintiff to show that he is entitled to that redress. But where a suit for partition is based upon undisputed facts, and the defendants, by cross-bill, seek a rescission of the contract whereby they acquired title, based upon affirmative matters set up by their cross-bill, the burden of proof is on the defendants.

3. RESCISSION—*Laches.*—The general doctrine is that a suit for rescission is the counterpart of a suit for specific performance. Both are addressed to the sound discretion of the court, and in neither will relief be granted to one who has been guilty of inexcusable delay in asserting the right.

4. FRAUDULENT CONVEYANCES—*Rescission—Laches—Waiver.*—If a party intends to repudiate a contract on the ground of fraud, he should do so as soon as he discovers the fraud. If after the discovery of the fraud he treats the contract as a subsisting obligation, he will be deemed to have waived his right of repudiation. Prompt action is required when one believes himself entitled to a rescission of a contract.

5. RESCISSION—*Proof Required—Specific Performance.*—A party seeking, as plaintiff, to rescind a contract is required to make out a stronger case for the relief sought than he would be required to make if, as defendant, he were resisting specific per-

formance of the same contract. Upon the same facts proved, he might succeed as defendant in the latter case when he would fail as plaintiff in the former.

Appeal from a decree of the Circuit Court of Wise county. Decree for defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Bond & Bruce,* for the appellant.

*Duncan & Kelly,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

On April 30, 1890, the appellant, Patrick Hagan, executed a title bond to S. N. Taylor, C. F. Flanary and George C. McElroy for the sale of lots 10, 11, 21 and 22, of Block 17, and lot 1 of Block 11, in the town of West Norton, Wise county, Virginia, "as run by A. Thompson," at the price of $2,000, to be paid in six and twelve months with interest; and when paid the vendor agreed to convey a good title to the vendees. The following endorsement appears on the contract:

"C. F. Flanary and Geo. C. McElroy have paid their proportion of the above purchase money on said lots. I am to deliver them a deed in which my wife shall join, and take Taylor's note for his part without a lien on the lots.

"Apr. 10-91.                         PATRICK HAGAN."

Hagan subsequently repurchased the undivided interest of Taylor in the lots, and in 1908 he brought a suit in equity against Taylor and Flanary, and the administrator and widow and heirs at law of McElroy, who in the meantime had died, for partition of the property.

The bill was taken for confessed as to Flanary, and Taylor answered, admitting its allegations. The administrator,

widow and heirs at law of McElroy filed their demurrer and answer to the bill; the ground of demurrer being that the bill does not allege that Hagan conveyed the land to the purchasers and shows no such joint or common ownership between the parties as entitles him to call for partition.

The fact that the plaintiff had the legal title to the entire property, while the appellees held only the equitable title to two-thirds of it, constitues no ground for denying partition under the liberal provisions of section 2565 of the Code.

The general doctrine is stated in 30 Cyc. 195, as follows: *"Cotenants Holding an Equitable Title Only—A General Rule*—At law the insuperable difficulty in granting a partition to the holder of an equitable title lies in the fact that courts of law, for most purposes, refuse to recognize or consider any but the legal title. In courts of chancery this difficulty does not exist, nor does it interpose any sufficient objection to the proceeding authorized by statute in most of the States. The true test for determining whether the holder of an equitable title may compel partition should, and we think does, depend on whether he has a present right of possession. If he has he may maintain partition. A claimant relying on an equitable title should allege its true character and not rely upon a purely legal interest."

Hagan held the legal title as trustee for the two-thirds undivided interest of his tenants in common; and a court of equity has plenary power under the statute to enforce that trust for their benefit.

The demurrer to the bill was rightly overruled.

The answer of the McElroys contains the affirmative allegation that, after the execution of the title bond, Hagan sold at least three of the lots included in his contract to other persons, who are now in possession and have erected houses thereon. Moreover, that the "A. Thompson plat" was never recorded, and that Hagan has caused the land to be resurveyed and again laid off into lots, blocks, streets and alleys; and that it is now im-

possible to identify the lots and for him to comply with his contract. The respondents allege payment of the purchase money; and conclude with the prayer, that their answer may be treated as a cross-bill, that the contract be rescinded, and that Hagan be required to refund the purchase money with interest.

It appears that Hagan was under the impression that he had already made the deed. Nevertheless, on the filing of the answer and cross-bill, he promptly tendered a proper deed, conveying the property to the McElroys and Flanary, and filed it with his answer to the cross-bill. By his answer he makes specific denial of the facts alleged as grounds for rescission.

The depositions of witnesses were taken, and the circuit court passed the decree under review, rescinding the contract and directing that the purchase money be repaid with interest.

We cannot concur in the contention of the appellees, that the bill, though in form a bill for partition, is in fact a suit for specific performance in disguise. Hagan had sold to Flanary and McElroy an undivided two-thirds interest in the lots, and having received the purchase money in full, nothing remained to consummate the transaction except a conveyance to his vendees; and this he could accomplish without invoking the aid of the court, simply by the execution and delivery of a proper deed; so there was no occasion for a suit for specific performance. On the other hand, a suit to partition the land between himself and his tenants in common was necessary; and the suit is manifestly what it purports to be, namely, a suit for partition.

The significance of this question is due to its influence in determining where the burden of proof lies. If the suit were for specific performance, it would—at least primarily—rest with the plaintiff to show that he was entitled to that redress. But the suit for partition is based upon undisputed facts; while the affirmative issues presented by the cross-bill, involving as they do the right to have the contract rescinded, place the laboring oar in the hands of the appellees.

The general doctrine is, that a suit for rescission is the counterpart of a suit for specific performance. Both are addressed to the sound discretion of the court, and in neither will relief be granted to one who has been guilty of inexcusable delay in asserting a right.

In *Preston* v. *Preston,* 95 U. S. 200, .24 L. Ed. 494, the court held, in a suit for specific performance, that "The delay of a party in taking proceedings to enforce such a contract for a period which would bar an action at law for the property is, except under special circumstances, such laches as disentitles him to the aid of a court of equity."

In *Slothower* v. *Oak Ridge Land Co.,* 27 S. E. 466, 2 Va. Dec. 506, 508, the court says: "Prompt action is essential when one believes himself entitled to the rescission of his contract."

In *Finch* v. *Garrett,* 109 Va., 63 S. E. 417, it was held: "When a party intends to repudiate a contract on the ground of fraud, he should do so as soon as he discovers the fraud. If after the discovery of the fraud he treats the contract as a subsisting obligation, he will be deemed to have waived his right of repudiation. Prompt action is essential when one believes himself entitled to a rescission of a contract." See also, *Max Meadows, &c. Co.* v. *Brady,* 92 Va. 71, 22 S. E. 845; *Hudson* v. *Waugh,* 93 Va. 518, 25 S. E. 530; *Hurt* v. *Miller,* 95 Va. 32, 27 S. E. 831; *West End Co.* v. *Claiborne,* 97 Va. 734, 34 S. E. 900; *Campbell* v. *Eastern Bldg. Asso.,* 98 Va. 729, 37 S. E. 350.

Of the degree of proof required in that class of cases, it was said in *Stearns* v. *Beckham,* 31 Grat. 379, 417: "A party seeking as plaintiff to rescind a contract is required to make out a stronger case for the relief sought than he would be required to make if, as defendant, he were resisting specific performance of the same contract. Upon the same facts proved, he might succeed as defendant in the latter case when he would fail as plaintiff in the former."

The lots, as we have seen, were sold April 30, 1890; they were fully described in the survey and map made by A. Thompson; and on April 10, 1891, the entire purchase price was voluntarily paid and the vendees became entitled to a deed. It does not appear that they ever asked for a deed; and Hagan was under the impression that the deed had been made, and as soon as his attention was called to the omission, he immediately executed a proper deed and tendered it with his answer to the cross-bill. There was no suggestion of the existence of any ground for the rescission of the contract, and no demand was made for such rescission or for payment of the purchase money until this suit was brought in 1908, eighteen years after the date of the contract. It is also important to observe, that Flanary, though a party to the suit, has never appeared to defend it, and has failed to unite in the effort of his codefendants to have the sale rescinded.

In the light of our decisions on the subject, it need hardly be said that the conduct of these parties does not measure up to the high standard of diligence required, of suitors by courts of equity in the exercise of this discretionary branch of their jurisdiction.

In the other aspect of the case, without stopping to review the evidence, which has been carefully considered, it is sufficient to say, that it does not sustain the charge in the cross-bill, that Hagan has sold some of the lots included in the title bond, or that there is any other obstacle in the way of compliance with the contract on his part.

We are, therefore, of opinion that the appellant is entitled to have partition of the land in question, as prayed for in his bill; and in that proceeding ample provision is made by the statute to meet the exigencies of the case and do complete justice to all parties.

The decree appealed from must be reversed, and the case remanded for further proceedings.

*Reversed.*