# F. Wayne McLeskey, Jr.

## v.

# Ocean Park Investors, Ltd.

Record No. 901365

June 7, 1991

Present: All the Justices

*Carl W. Isbrandtsen* for appellant.

*James A. Evans (John B. Dinsmore; Dinsmore, Evans and Bryant*, on brief), for appellee.

JUSTICE RUSSELL delivered the opinion of the Court.

In this appeal from a decree rescinding a contract of sale of real property, the dispositive question is whether the party seeking rescission was estopped to do so, having previously sought to enforce the contract. Finding such an estoppel warranted, we will reverse.

On June 5, 1979, F. Wayne McLeskey, Jr., (McLeskey) entered into a contract of sale with Richard S. Foster (Foster) whereby Foster agreed to purchase 4 subdivided but undeveloped lots in the subdivision of Ocean Park, in the City of Virginia Beach. The purchase price was to be $140,000, payable in installments before the date of settlement. Settlement was to occur on or before December 5, 1979, although Foster had an option to extend the time until March 1, 1980. Foster had the option to cancel the contract by forfeiting $5,000 as liquidated damages prior to midnight September 5, 1979, but not thereafter. Foster was obligated to install "all improvements, including but not limited to, streets,

curb and gutters, storm drains, street lights, water, sewerage, electricity, telephone, etc." Foster agreed to submit all construction drawings to McLeskey for approval before beginning construction.

The contract did not specify a deadline for the completion of the improvements, but the trial court found that the parties entered into an oral agreement which, in effect, amended the contract by annexing a condition precedent. Under that condition, the parties agreed that Foster must either complete the improvements, or furnish security satisfactory to McLeskey for their completion, before McLeskey would have any obligation to convey the property. That ruling is not challenged on this appeal and is, therefore, the law of the case.

Because McLeskey owned approximately 60 acres of land contiguous to the 14 lots, he had a substantial interest in seeing that the improvements were satisfactorily completed. Foster's street, water, and sewer improvements would be necessary to serve McLeskey's remaining 60 acres.

Through a chain of assignments, Foster's interest became the property of Ocean Park Investors, Ltd., a Virginia corporation (Ocean Park). Ocean Park was dissolved by operation of law on September 1, 1988. The trial court found that Ocean Park's interest in the 1979 contract is now vested in George M. Edwards, Michael Cardwell, and Danny K. Martin, as trustees for the dissolved corporation.

Foster and his assignees made payments of the $140,000 purchase price in installments. The final payment was made in October 1980, after McLeskey had demanded closing. At that time, however, no work had begun on the improvements and McLeskey had made no conveyance of the lots. At the time of trial in the present case in 1990, little or no work had been done on the improvements, and McLeskey continued to retain title to the lots. Foster testified that he and his assignees had been financially unable in 1980 to construct the agreed upon improvements, and unwilling to do so in 1981 because of high interest rates.

Nevertheless, in 1981, Ocean Park filed a chancery suit against McLeskey in the court below, seeking specific performance of the contract. No proceedings were ever had in that suit, and it languished on the docket until July 8, 1987, when the trial court dismissed it for lack of prosecution pursuant to the "five year rule," Code § 8.01-335(B).

In December 1988, Ocean Park initiated the present suit against McLeskey, first filing an action at law claiming damages for McLeskey's alleged breach of contract. McLeskey counterclaimed for damages, alleging that Ocean Park had breached the contract. Ocean Park then obtained a transfer of the case to the chancery side of the court and filed an amended bill of complaint seeking rescission of the contract and, alternatively, damages for breach. Ocean Park's amended bill alleged that it had been ready to perform its part of the contract since 1984, when it obtained a "development loan," but that McLeskey had refused to deliver a deed. McLeskey filed a cross-bill. After hearing the evidence *ore tenus*, the chancellor ruled that the contract should be rescinded because there had been a failure of consideration and because McLeskey had been unjustly enriched. The chancellor entered a final decree on July 16, 1990, dismissing McLeskey's cross-bill, rescinding the contract of June 5, 1979, and awarding judgment to Ocean Park's trustees in the amount of the $140,000 purchase price. We awarded McLeskey an appeal.

In our view, Ocean Park's conduct in bringing and maintaining a suit against McLeskey for specific performance constituted a binding election on Ocean Park's part* to treat the 1979 contract as valid, subsisting, and enforceable. For that reason, it is estopped from adopting, in the present litigation, the position that the contract is voidable and ought to be rescinded.

The relief afforded by rescission is the antithesis of that which is afforded by specific performance. The former avoids the contract; the latter enforces it. If rescission is granted, the contract is terminated for all purposes, and the parties are restored to the *status quo ante*. If specific performance is granted, the contract is carried into effect, and each party is compelled to bear his respective share of its benefits and burdens. *See Clay* v. *Landreth*, 187 Va. 169, 179, 45 S.E.2d 875, 881 (1948); *Hagan* v. *Taylor*, 110 Va. 9, 13, 65 S.E. 487, 488 (1909).

The remedies of rescission and specific performance are sometimes described as "counterparts." *See, e.g., Hagan*, 110 Va. at 13, 65 S.E. at 488. A party who has been wronged by conduct

---

* The complainant in the specific performance suit appeared as Ocean Park Investors, *Inc.*, rather than Ocean Park Investors, *Ltd*. Ocean Park concedes on brief, however, that it was the actual complainant in the specific performance suit, that no corporation named Ocean Park Investors, Inc. ever existed, and that the caption in the earlier suit "is simply a typographical error."

constituting a ground for rescission, such as fraud, may elect to waive that ground and seek specific performance instead, but his election must be made promptly and is thereafter binding. *Wilson v. Hundley*, 96 Va. 96, 100-101, 30 S.E. 492, 494 (1898). A party may pray for both remedies, in the alternative. Rule 1:4(k). Where a party prayed for specific performance but it was made to appear in the course of the suit that specific performance would be impossible or unjust, we held, in the early case of *Bowles v. Woodson*, 47 Va. (6 Gratt.) 78, 89 (1849), that the court might grant rescission as an alternative. Later, in *Ferry v. Clarke*, 77 Va. 397, 407 (1883), we observed that in circumstances where specific performance had become impossible, the complainant should be allowed to amend his bill to seek rescission.

█ Ocean Park, however, neither pleaded in the alternative nor sought to amend its specific performance suit to seek rescission. From 1981, when it brought its suit for specific performance, until 1987, when the court dismissed that suit for lack of prosecution, Ocean Park continually maintained the position that the 1979 contract was valid, subsisting, and should be enforced. If it knew of any reasons why the contract should be rescinded, it failed to bring those reasons to the attention of the court. In 1988, it filed this suit, adopting the opposite position by advocating rescission of the contract for reasons which allegedly occurred before and during the pendency of the first suit. We hold that it may not now maintain that position.

█ When a ground for rescission is discovered, prompt action is necessary. If a party, after discovering facts which would justify rescission, continues to treat the contract as a subsisting obligation, leading the other party to believe that it is still in effect, the right to rescind is waived. *Link Assoc. v. Jefferson Standard*, 223 Va. 479, 484-85, 291 S.E.2d 212, 215 (1982); *Dobie v. Sears, Roebuck & Co.*, 164 Va. 464, 470, 180 S.E. 289, 291 (1935). As noted above, Ocean Park's amended bill in the present suit complained of facts occurring in 1981 and 1984, but its former suit for specific performance remained on the docket from 1981 until July 1987 and was never amended.

Accordingly, we will reverse the decree appealed from and enter final judgment here, dismissing the amended bill of complaint.

*Reversed and dismissed.*