HARTMAN v. CLARKE.

1. FORECLOSURE OF TITLE BOND. The vendor of real estate, may treat the bond executed for the conveyance of the same as a mortgage, and may recover a judgment against the vendee for the amount due thereon, and for the foreclosure of the same, in one action,

*Appeal from Blackhawk District Court.*

WEDNESDAY, APRIL 17.

*Poor, Adams & Cram* for the appellant.

*Monroe* for the appellee.

BALDWIN, J.—The plaintiff sold to the defendant a certain tract of land, and gave him a bond for a deed when the balance of the purchase money was paid. The defendant afterwards assigned the undivided half of his interest in the bond or land purchased, to one Parker, and having failed to pay the balance of the purchase money when due, the plaintiff tendered to him a deed, and commenced this action under the provisions of sections 2094–5 of the Code of 1851, praying for a judgment for the amount due on the note, and asking that such judgment might be a lien on such lands, and for a decree ordering the same to be sold to satisfy said judgment, and to cut off the equities of the defendants therein.

To this petition, defendant Clarke demurred, which being sustained, judgment was rendered thereon against plaintiff.

The appellant assigns as error the action of the court in sustaining the defendant's demurrer, the first clause of which was as follows: That this was a misjoinder of causes of action in the petition, in this, that the plaintiff seeks to recover a judgment at law on the note of the defendant, Clarke, and asks that the same may be declared a lien on the real estate named in the petition; and also prays for a foreclosure of all right and title of said Clarke, and also of said Parker, in law and equity, in and to said real estate by a sale thereof.

Under section 2094 of the Code of 1851, it is provided that the vendor of real estate, when part of the purchase money remains unpaid after the day fixed for payment, can compel the purchaser to perform his contract, or foreclose and sell his interest in the land. Section 2095, provides that

the vendee in such cases, for the purposes of foreclosure, shall be treated as a mortgagor of the property purchased and his rights may be foreclosed in a similar manner.

In the case of *Pierson* v. *David et al*, 1 Iowa 34, this court held that the design of these sections was to place the vendor and vendee in the same position, so far as related to the remedy, as the mortgagor and mortgagee in cases of express mortgage. In the case of *Blair & Co.* v. *Marsh et al*, 8 Ib. 144, the same construction is placed upon said sections. If the plaintiff and defendant, as vendor and vendee, are to be treated as mortgagor and mortgagee, as in the case of an express mortgage, then the plaintiff had a right in his petition to ask for a judgment and foreclosure in the same action. The foreclosure of a mortgage is provided for by statute, and is not a remedy purely in chancery or at law, but partakes of the nature of each; a union of the power of both jurisdictions. See *Kramer* v. *Rebman*, 9 Ib. 114. There was no misjoinder of causes of action, and the demurrer should have been overruled.

The court further erred in sustaining the defendant's third ground of demurrer, as it fails to point out specifically any objection to the petition.

The objection raised by the defendant, that plaintiff had failed to tender a deed prior to the commencement of the suit is not supported by the record.

The judgment is reversed.