JAMES I. GARRETT, ET AL., Appellants, v. WILLIAM OLFORD.

**Dower:** ELECTION BY WIDOW: WAIVER OF RIGHT. Under the revision of 1860 and amendment thereto, relating to the one-third interest of the widow in lands of her husband to which she had made no relinquishment, and the statute providing that the widow's dower shall not be affected by any will of the husband if she objects thereto or relinquishes all rights thereunder, entire absence of any provisions in the will for the wife was inconsistent with her dower right, and by failing to object to the will she waived such right.

**Real property:** ADVERSE POSSESSION: TITLE. Where a widow had only a life estate but conveyed the entire fee in lands owned by her deceased husband, and the grantee went into possession claiming absolute title and making extensive improvements with full knowledge of the husband's heirs, the grantee acquired title by adverse possession which such heirs could not successfully question after the lapse of more than thirty years, even though they may have been ignorant of their rights.

*Appeal from Winneshiek District Court.*—HON. A. N. HOBSON, Judge.

WEDNESDAY, SEPTEMBER 20, 1911.

THE opinion states the case.—*Affirmed.*

*W. E. Haven,* for appellants.

*C. W. Reed* and *Charles Pergler,* for appellee.

*E. R. Acres,* for Dickerman estate.

SHERWIN, C. J.—Lewis L. Light died the owner of the land involved in this controversy, leaving surviving him a widow, Amanda F. Light, and an only son, James Waldo Light. By a will duly executed and admitted to probate, Lewis L. Light devised this land to his son, James Waldo Light. James Waldo Light died in January, 1866, intestate and without issue. Amanda F. Garrett, the widow of Lewis L. Light, married the plaintiff herein, James I. Garrett. She died in 1908, leaving surviving her, her husband, James I. Garrett. The other plaintiffs are heirs at law of the said Lewis L. Light and Amanda F. Garrett. In March, 1866, the said Amanda F. Garrett and her then husband, James I. Garrett, conveyed the land in question by warranty deed to Louisa M. Strother. The grantors are described therein as "Amanda F. Garrett, sole heir of James Waldo Light, late of the county of Howard, deceased, and James I. Garrett, her husband." This deed was duly recorded in April, 1866. In April, 1867, Mrs. Strother conveyed the land by warranty deed to Patrick Keefe, who at the time mortgaged it back to Mrs. Strother for a part of the purchase price of the land. This mortgage was afterwards foreclosed, and the land was sold under the foreclosure proceedings, and a sheriff's deed executed to C. E. Dickerman in pursuance thereof. This deed was also duly recorded. In 1873 Dickerman and his wife conveyed the land by warranty deed to the defendant, Olford,

and the deed was at once recorded. Olford took immediate possession of the premises, and moved onto the land with his family in 1874. He has occupied the same openly and notoriously and under claim of ownership ever since. The plaintiffs never made any claim to the land until a short time before this action was brought in January, 1909. The appellants contend that, upon the death of her son, James Waldo Light, Mrs. Garrett took a life estate in the premises under section 2498 of the Revision of 1860, and that she conveyed only a life estate to the defendant, Olford, and that, as Olford was in possession as a life tenant only, the remaindermen had no right of action during the lifetime of Mrs. Garrett. The defendant's position is that, upon the death of Lewis L. Light, his widow, Amanda F. Garrett, took a dower interest of one-third in fee, under section 2477 of the Revision, as amended by chapter 151 of the Laws of 1862, which is as follows: "One-third in value of all the real estate in which the husband at any time during their marriage had a legal or equitable interest, which has not been sold on execution or other judicial sale, to which the wife has made no relinquishment of her right, shall, under the direction of the court, be set apart by the executor, administrator, or heir, as her property in fee simple, on the death of her husband, if she survive him." It is further contended that the widow took nothing under the will, and hence there was nothing for her to relinquish and no election for her to make, that, upon the death of her husband, her statutory interest of one-third in fee simple vested in her immediately, and that she conveyed said interest in fee to Mrs. Strother, who, with her grantees, have been in continuous, open, notorious, and adverse possession since March, 1866. An estoppel is also pleaded against all of the plaintiffs, but especially against James I. Garrett, because he joined in the deed from his wife, Amanda F. Garrett, to Mrs. Strother.

I.   Section 2435 of the Revision of 1860 provided as follows: "The widow's dower can not be affected by any will of her husband, if she objects thereto and relinquishes all rights conferred by the will." Constru-

*1. Dower: election by widow: waiver of right.*

ing this section with section 2477, as amended by chapter 151, Acts 1862, in *Shields v. Keys,* 24 Iowa, 298, this court held that the will passed the title at once to the devisee, subject to be divested or defeated by the objection of the party entitled to dower and further if the party thus entitled does not object, the devisee takes by the will. In other words, it was there held that, unless the party entitled to dower objects to the will, the will passes title to the devisee, and this because the party entitled to dower might waive the same by failing to object to the will. The same rule was followed in *Kyne v. Kyne,* 48 Iowa, 21, where it was also held that a failure to object or relinquish authorized the conclusion that the survivor accepted the provisions of the will. In the *Shields* case, the will devised all of the testator's property to her son, without making any provision for her husband, and, so far as the record here shows, Lewis L. Light made no provision for his widow in the will in question. The provisions of the will are therefore inconsistent with the dower right, and the latter right was waived by not objecting to the will. Hence the rule that the widow's dower vests immediately upon the death of her husband is not applicable. See *Potter v. Worley,* 57 Iowa, 66, and *Blair v. Wilson,* 57 Iowa, 177.

The widow here not only made no objection to the will depriving her of her dower, but in her conveyance she described herself as the sole heir of her deceased son, and by so doing indicated that she claimed title only as such heir. We are of the opinion, therefore, that Amanda F. Garrett did not take a one-third interest in the land in question immediately upon the death of her husband, and that her son James Waldo Light took the full title thereto under the will.

If our conclusion so far is correct, it is evident that Mrs. Garrett at the time of her conveyance of the land had only a life estate therein. But she executed a warranty deed, which purported to convey full and complete title, and this deed, as we have seen, was at once recorded. The deed from Mrs. Strothers to Keefe was also a warranty deed, purporting to convey title in fee. Keefe's mortgage back to Mrs. Strother was on a full estate, and the sale under foreclosure proceedings purported to convey the fee and not a life estate. Olford went into possession in 1873, and since that time he has remained in possession, claiming to the world absolute ownership. He paid full value for the fee, and has made extensive improvements on the land. The plaintiffs have lived near the land all of these years and have all of the time known of his acts and claims, and yet they have made no claim to the land until a very short time before this suit was brought.

2. REAL PROPERTY: adverse possession: title.

We are of the opinion that the rule announced in *Marray v. Quigley,* 119 Iowa, 6, governs this case and that the trial court rightly so decided. There, as here, a conveyance of the fee was made by a person who held only a life estate, and we held that the remaindermen should have brought an action to determine their rights under section 3601 of the Revision (section 3273 of the Code of 1873). See, also, *Crawford v. Meis,* 123 Iowa, 610; *Wenger v. Thompson,* 128 Iowa, 750; *Stern v. Selleck,* 136 Iowa, 291.

Ignorance of a right does not prevent the running of the statute. *Campbell v. Long,* 20 Iowa, 382.

The judgment is right, and it is *affirmed.*