J. B. VAN PAPPELENDAM, Administrator of the Estate of MATILDA BRUMAGEM, Appellant, v. ELLA M. THOMAS, ADA M. FRAME, MABEL KITE and C. H. BROWN, Appellees.   LIZZIE FOWLER, CORA JUNKINS, J. M. BRUMAGEM and HARRY BRUMAGEM, Defendants.

**Wills:** CONSTRUCTION: TRUST ESTATE.   A will devising all of testator's property to his widow, to be used by her in the best manner for the benefit of his children, upon her death the remaining part to be equally divided among his children, and empowering her to do with the property whatever might be for their common interest, created a trust estate for the benefit of the children, with no power of disposition in the widow except in execution of the trust, and her interest in the estate ceased at her death.

**Same.**   No particular form of words is necessary to the creation of a trust estate; the fundamental question being the intent of the testator.

**Same:** DISTRIBUTIVE SHARE: PLEADINGS.   The heirs of a widow provided for by the will of her husband can not insist on her having a distributive share in the estate, in the absence of pleading and proof that she did not elect to take under the will.

**Same:** RIGHTS OF WIDOW: DISTRIBUTIVE SHARE.   Under the Code of 1860, providing that the widow's dower could not be affected by the provisions of her husband's will if she relinquished her rights under the will, an entire failure to make any objection

to a provision for her benefit amounted to an election to accept its terms, and her heirs could not rely on her having a distributive share in the estate.

*Appeal from Lee District Court.*—HON. HENRY BANK, Judge.

THURSDAY, OCTOBER 18, 1912.

PROCEEDINGS in probate for an order to sell certain real estate, claimed to have belonged to Matilda Brumagem at the time of her death, in order to pay claims against her estate. Certain heirs of Mrs. Brumagem were made parties to the application, and three of these appeared and filed a demurrer thereto. The surviving husband of Mrs. Brumagem filed a petition of intervention, and one of the creditors also intervened, asserting her claim as such, and also as one of the heirs of the deceased. Defendants moved to strike parts of the second petition and for a more specific statement in the first one. The case was submitted on the demurrer to the application, and this demurrer was sustained and the application to sell dismissed. The administrator appeals.—*Affirmed.*

*John E. Craig,* for appellant.

*W. B. & H. R. Collins,* for appellees.

DEEMER, J.—Nothing seems to have been done with the motions addressed to the petitions of intervention, and the case comes to us solely upon the allegations of the pleading filed by the administrator, as amended; the truth thereof being admitted by the demurrer. These allegations are to the effect that the deceased, Matilda Brumagem, died, intestate, some time in the year 1911, seised of certain real estate (describing it), and that she acquired title thereto through the will of a former husband, J. H. Brown.

It is alleged that this will gave her a fee-simple estate, and that the property should be sold to pay the debts of the deceased. The will relied upon is in words and figures as follows:

Know all men by these presents that I, James Henry Brown of the county of Lee and state of Iowa, feeling the uncertainty of life and the certainty of death and wishing to arrange my worldly affairs in the best possible manner for the benefit of my wife and children, I therefore ordain this as my last will and testament.

1st. That all my honest debts shall be paid.

2dly. That I give all (that remains after said debts are paid) of my property real, personal and mixed to my well beloved wife, Matilda Brown, to be used by her in the best manner for the benefit of our children and whatever of said property that may remain after the decease of my wife shall be equally divided among our children she being fully empowered to do with said property whatever shall best promote their common interest.

Given under my hand this 7th day of February, 1863. J. H. Brown.

It also appears that this will was made in the year 1863, and that the testator died during the same year; but the instrument was not probated until May 15, 1899. The demurrer was a general, equitable one, and the question presented thereby is whether or not the named devisee took an estate in the real property, and, if so, the nature thereof. Various other matters, as the right of the widow to elect, are argued, which we do not think properly arise upon the record.

I. The will was evidently draughted by one unskilled in the law and unfamiliar with the proper form for such instruments, and, as usual, we find counsel differing very widely as to the construction to be placed thereon. On the one hand, it is argued that the will gave the devisee an estate in fee simple; and, on the other, it is said that she was merely

1. Wills: construction: trust estate.

made a trustee for her children, or at most given but a life estate in the property. That cases, as a rule, give little help in interpreting unskillfully drawn wills is well· understood; and the fundamental rule of construction in such cases is to arrive at·the intent of the testator. Taking this will by its four corners, it is manifest that testator gave his property to his wife, to be by her used for the benefit of their children; they, it would seem, being the real beneficiaries. He then undertook to provide for the disposition of the property after the death of his wife, saying that it should be equally divided among their children. During life, of course, the widow was given power to deal with the property in such a manner as should best promote their common interest. The expression "their common interest" is somewhat ambiguous. Whether it means the interest of herself and children, or of the children alone, is a matter of some doubt, but whatever the proper construction here it is clear that her interest ceased with her death; for distribution among the children of the entire estate is called for. This could not be done, of course, if she took either an estate in fee, or a base or qualified estate, either in the whole or a part of the property. There are no words of grant disconnected from the limitations as to use. At most it was a devise of the legal title to Mrs. Brown (Brumagem), to be used for the benefit of the children. Save in the execution of the trust, she could not sell the land in any manner, and for a much stronger reason she could not dispose of it by will. This as it seems to us, created a trust estate.

No particular form of words are necessary to the creation of a trust estate. *Quinn v. Shields,* 62 Iowa, 144. And here, again, the fundamental question is the intent of the testator. The most that can be claimed under any construction is that the wife was one of the beneficiaries of the trust during her lifetime; but this would not, under the terms of the will,

2. Same.

give her an estate of inheritance. That the testator did not intend the benefits to survive her death is clearly apparent from the second clause of the will. In support of our conclusions, see *Meek v. Briggs,* 87 Iowa, 610; *Scott v. Scott,* 132 Iowa, 35; *Conrey v. Murphy,* 154 Iowa, 421; *Powell v. Beebe,* 167 Mich. 306.

II. This, as it seems to us, disposes of the case. But appellant's counsel say that, even if this be a correct construction of the will, still deceased had a distributive share of which she could not be, and was not, deprived by the will. The chief difficulty with this position lies in the fact that no such claim is made in the petition. On the contrary, the plain implication is that the widow elected to take under the will, or to waive distributive share. Moreover, the will speaks from the death of the testator, although not admitted to probate. *In re Bernhard,* 134 Iowa, 607; *Stephenson v. Stephenson,* 64 Iowa, 534; *Otto v. Doty,* 61 Iowa, 26; *Olleman v. Kelgore,* 52 Iowa, 40.

3. SAME: distributive share: pleadings.

Testator died in the year 1863, and at the time of his death the law with reference to wills and distributive shares read as follows: "The widow's dower can not be affected by any will of her husband if she objects thereto and relinquishes all rights conferred upon her by the will." Section 2435, Code 1860. "One-third in value of all the real estate in which the husband at any time during the marriage had a legal or equitable interest, which has not been sold on execution or other judicial sale, to which the wife has made no relinquishment of her right, shall, under the direction of the court, be set apart by the executor, administrator or heir, as her property in fee simple, on the death of the husband, if she survive him." Chapter 151, Acts Ninth General Assembly. The case, in this aspect, must be decided with reference to these provisions; and it is sufficient to say that there is no allegation anywhere of any objection at any time

4. SAME: rights of widow: distributive share.

by the widow to the provisions of the will. At this point the instant case is ruled by *Garrett v. Olford,* 152 Iowa, 265. So that upon no theory can it be found that the widow had any interest in the real property.

None of the many cases cited by appellant's counsel run counter to the views herein expressed. The nearest approach to it is *Bulfer v. Willigrod,* 71 Iowa, 620. That was an action, however, by an heir against her mother, a devisee under the will, for an accounting; and the will there construed expressly provided that the devise was to the widow, to her own use and benefit, as she shall deem best for herself and daughter. The court, among other things, said in that case: "The will confers upon plaintiff no interest either in the property or its proceeds. But, if it could be said that a trust was created in her favor, she clearly could not now maintain an action for the recovery of any portion of the proceeds; for the right to use the property 'for her own use and benefit,' which was conferred upon the widow, has not terminated. There is no provision for its termination in the will."

The case is reasonably clear, and, in our opinion, the demurrer was properly sustained.

The motion to strike appellees' abstract will be sustained.—*Affirmed.*