## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### STEWART V. STEWART.

March 21, 1918.

1. DEEDS—*Deed Made after Death of Grantee.*—A deed made to a grantee after his death is ineffectual to pass title and void.

.2. PARTITION—*Jurisdiction—Equitable Estate.*—Under the provisions of section 2565 of the Code of 1904, a court of equity has jurisdiction to partition equitable estates in land. So where a decedent was the complete equitable owner of a lot at the time of his death, equity may decree that the lot be sold for partition among his heirs at law, upon a bill filed by some of the heirs against the remaining heirs for partition.

3. APPEAL AND ERROR—*Amendments—Prejudice.*—Where in point of fact a case was disposed of on issues raised on the original bill and answer, no notice being taken of the amended bill in the decree, defendants were not prejudiced by the action of the court in permitting the amended bill to be filed, and in not dismissing it on demurrer and answer.

Appeal from a decree of the Circuit Court of Madison county. Decree for complainants. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Will A. Cook,* for the appellants.

*N. G. Payne* and *John S. Chapman,* for the appellees.

WHITTLE, P., delivered the opinion of the court.

Plaintiffs below (grandchildren· and heirs at law of Washington Stewart, deceased) filed their bill against the

remaining heirs for partition of a lot containing two acres of land, whereof decedent was alleged to have died seized and possessed.

Appellant, D. Y. Stewart, answered, denying that his grandfather, Washington Stewart, owned the lot; and asserting title thereto in respondent's father, Clark Stewart, upon whose death he averred the ownership devolved upon his widow and heirs. . Respondent further alleged that for many years the possession of the lot had been held by Clark Stewart's family, who paid the taxes thereon.

.The circuit court referred the cause to a special commissioner in chancery, with directions that he report, among other matters, who were the owners of the lot in controversy, and whether or not it was susceptible of partition in kind. The commissioner reported that Washington Stewart became the purchaser of the lot in the chancery causes, heard together, of *Hutchinson* v. *Sibert* and *Wayland* v. *Scott;* that Washington Stewart died in the year 1880; and that eleven years after his death a commissioner acting under a decree in the above named causes executed and acknowledged a deed to the two-acre lot, in which deed Washington Stewart was named as grantee. In these circumstances, the commissioner reported that though the deed was ineffectual to convey title to the lot to the grantee and was void, nevertheless, that at the time of his death Washington Stewart was the equitable owner of the lot; and that the same was not susceptible of partition in kind among his heirs. The commissioner, upon conflicting evidence, rejected the claim of appellant, D. Y. Stewart, that his father owned the lot at the time of his death.

The defendants excepted to the findings of the commissioner, but the court overruled the exceptions and confirmed the report, and decreed that the lot be sold for partition among the heirs at law of Washington Stewart. From that decree this appeal was allowed.

Of the correctness of the commissioner's finding and the court's decree sustaining it, we have no doubt. The records in the two chancery causes referred to show that Washington Stewart purchased the lot under a decree therein; and the contention that it was bought for his son, Clark Stewart, and with his means, thereby creating a resulting trust in the lot in his favor, was not established by the evidence. It is true, as the commissioner held, that the deed made to Washington Stewart after his death was ineffectual to pass title and void. 2 Minor on Real Property, section 1088. Still he was the complete equitable owner of the lot at the time of his death; and under the liberal provisions of section 2565 of the Code, a court of equity has jurisdiction to partition equitable estates in land. *Hagan* v. *Taylor,* 110 Va. 9, 65 S. E. 487.

Complaint is made of the action of the circuit court in permitting an amended bill to be filed; and also in not dismissing it on demurrer and answer. In point of fact, the case was disposed of on issues raised on the original bill and answer. No notice seems to have been taken of the amended bill and pleadings in any of the decrees, and it is not perceived that appellants were prejudiced by its physical presence in the record.

Upon the whole case, we find no error in the decree appealed from, and it must be affirmed.

*Affirmed.*