MARY L. RUGGLES, Appellant, v. ANNA POWERS et al., Appellees.

**PARTITION:** Right of Action—Partition (?) or Sale and Division Under Will (?) One of several devisees in common of real property (the estate being fully settled) may maintain partition, even though the will specifically authorizes the executor *to sell the property and divide the proceeds.*

Headnote 1: 30 Cyc. p. 199 (Anno.)

*Appeal from Warren District Court.*—W. G. VANDER PLOEG, Judge.

FEBRUARY 9, 1926.

THE opinion states the case.—*Reversed.*

*O. C. Brown,* for appellant.

*W. M. Wilson,* for appellees.

STEVENS, J.—E. F. Albertson died testate April 25, 1918, seized of certain real estate in Warren County, Iowa. By his will he gave to Sarah E. Albertson, his wife, a life estate, made certain specific bequests to various persons, and devised "the residue and remainder of my estate, both personal and real, to my daughters Luzena May Nelson and Anna Powers, share and share alike." He also designated Bert Sanders, one of the appellees herein, his executor, and authorized him to sell the property, upon the termination of the life estate, in order that the

estate might be divided according to "the terms of my will." The life tenant died February 26, 1925. On March 10th, this action was commenced by Mary L. Ruggles, to whom Luzena May Nelson and her husband had conveyed her interest in the property. To the petition setting up the above facts and alleging that all claims, together with the expense of administration, have been fully paid, and that nothing further remains for the executor to do under the will, except that which is involved in the authorization of the executor to sell, and praying partition of the real estate, the appellees demurred, upon the ground that, as the will authorized and directed the executor to sell the real estate and distribute the proceeds in accordance with its terms, to permit partition in equity would nullify this provision of the will and defeat the clearly expressed intention of the testator. The demurrer was sustained, and the plaintiff, who elected to stand upon the pleading and refused to plead further, has appealed.

The point made by appellant in argument is that the provision of the will authorizing the executor to sell the real estate is void because repugnant to the preceding clause, which vested the title absolutely in the devisees, subject only to the life estate and the payment of debts. The point is without merit, and we need not discuss it. On the other hand, appellees concede that the doctrine of equitable conversion is not applicable, and has nothing to do with the case. The admitted allegations of the petition leave nothing for decision except the right of a devisee who is seized of an absolute title to real property in common with other owners to maintain an action in equity for the partition of real property, where the will authorizes the executor to convert the real estate into cash and distribute the proceeds. The title to real property in this state vests, immediately upon the death of the testator, in the devisees, subject only, if the same shall be necessary, to the payment of debts and the expenses of administration. The right of a devisee under such circumstances to maintain an action in partition after one year, and before the estate was closed and the administrator discharged, was sustained in *Minear v. Hogg*, 94 Iowa 641. This holding was reaffirmed and elaborated in *Smith v. Smith*, 132 Iowa 700. In the latter case we specifically held that the fact

that the estate was unsettled did not constitute a defense, nor operate to abate an action in partition brought before the executor was discharged. The exact question before us—that is, as to the right of partition where the will authorizes the executor to sell the property—was not, however, involved in the above cases. But one case in point on this question has been brought to our attention. The Supreme Court of Pennsylvania in *Caldwell v. Snyder*, 178 Pa. St. 420 (35 L. R. A. 198), held, in a case in which the language of the will was almost identical with that of the instrument under consideration, that the authorization of the executor to sell was cumulative merely, and did not exclude other ordinary remedies. This, it seems to us, must, as declared in the opinion of the Pennsylvania court, be the general rule. We perceive no reason why the devisee of an interest in real property held in common with other devisees should be denied a remedy by partition simply because authority was conferred upon the executor to sell the property and distribute the proceeds by the will. The title at the time this action was commenced was absolute in appellant and the appellee Anna Powers, and neither was required to wait for the executor to make sale and distribution. The demurrer should have been overruled.— *Reversed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.