VIONA HAUSEN, Appellee, v. LAUN EMORY DAHLQUIST et al., Appellants; JONAS ERICKSON et al., Appellees.

No. 45996.

AUGUST 11, 1942.

Charles A. Reese, of Red Oak, and Tage Joranson, of Chicago, Illinois, for the appellants.

R. J. Swanson, of Red Oak, for the appellee, Viona Hausen, individually and as trustee under the will of Charles A. Dahlquist, deceased.

Floyd E. Billings, of Red Oak, for the appellees Jonas Erickson, Isabel Lindgren, Ambrose Erickson, Stella Erickson and Jules Erickson.

Leroy H. Johnson, of Red Oak, for the appellee Darwin Sellergren, as administrator of the estate of Irene Inez Erickson, deceased.

BLISS, J.— The rights of all parties to the real estate sought to be partitioned arise under the will of Charles A. Dahlquist, deceased, and a trust agreement of his widow, Emma F. Dahlquist, who elected not to take under the will. The testator, a resident of Chicago, Illinois, where he died November 15,

1933, and where his will was probated on December 8, 1933, was the owner of four parcels of land containing 450 acres in Montgomery county, Iowa, at his death. By his will he gave to his wife his personal effects and $3,000 absolutely. The remainder of his property he gave to his wife, his sons Laun and Herene, and his daughters Irene Erickson and Viona Hausen, as trustees, to hold for specified trusts, purposes, and conditions, to wit: (1) The trustees were given full power to sell the property as they saw fit for reinvestment or to carry out the trust provisions; (2) one half of the net income was to be paid to his wife during her life, and the balance of such income was to be divided into five equal parts, one of which was to be held by the trustees and expended by them for the testator's son Leroy, during his life, and the other four parts to be paid to his children, Laun, Herene, Irene, and Viona; (3) if no sale was made before, upon the death of the testator's widow the trustees were to divide the trust estate into five equal parts, one of which should be transferred, conveyed, and set over, respectively, to each of the children, Irene, Laun, Herene, and Viona, and one part retained by the trustees for Leroy, which division was to be conclusive on all persons interested; (4) on the death of Leroy, his share should pass equally to his four brothers and sisters; (5) on the death of any child prior to the distribution of the trust estate, the share of such child should pass to his heirs; (6) in case of the death of any trustees, the survivors should carry on as trustees and executors. He nominated his wife and the children, except Leroy, as executors.

On November 7, 1934, the testator's widow filed a written renunciation of any legacy, devise, or other provision for her under the will, and elected to take instead an absolute one third of all property owned by testator when he died, and any other interest to which she was legally entitled.

On February 3, 1937, the widow, as donor, executed a trust to her son Laun, as trustee, and by it and other instruments conveyed to him in trust the Montgomery county land and other real and personal property. By the terms of the trust agreement, the trustee is to hold the property for the following trust purposes, to wit: (a) All income from the trust to be paid the donor

during her life; (b) all the rest, residue, and remainder of the earnings, avails, and proceeds of the trust estate to pass as fol-lows, one fifth each to Laun and Leroy, and one fifth, respectively, to the children of Irene, Viona, and Herene; (c) if any beneficiary be under the age of 21 years when entitled to receive any distributive share, the trustee shall hold it until the beneficiary has reached the age of 21 years; (d) during the lifetime of the donor the trustee could deal with the property only as authorized by her in writing; (e) it is agreed between the parties hereto, and by any person who may become entitled to any interest under the trust, that such interest shall consist solely of a power of direction to deal with the title to said property and to manage and control said property, and the right to receive the proceeds from rentals, mortgages, sales, or other disposition of said premises, and that such right in the avails of said property shall be deemed personal property and may be assigned and transferred as such; that no beneficiary has or at any time shall have any right, title, or interest in or to any portion of said real estate as such, either legal or equitable, but only an interest in the earnings, avails, and proceeds; (f) subject to the rights of the donor, the trustee is given full power to sell or mortgage any of the trust property and any reinvestments from time to time, as he sees fit, for reinvestment, or to carry out the provisions of the trust; (g) any property remaining after 20 years from date of trust agreement shall be sold publicly by the trustee, and the proceeds divided as stated.

On the day the trust agreement was executed, the widow also quitclaimed all her right, title, and interest in the Montgomery county land to Laun, as trustee, under the trust. This deed was filed for record in Montgomery county, Iowa, on August 29, 1938. The widow of the testator died intestate in Chicago, on August 23, 1938, without having ever revoked her trust agreement. Irene Erickson, daughter of the testator, died intestate, a resident of Montgomery county, Iowa, on June 3, 1937, leaving her husband, Jonas, her children, Isabel Lindgren, 25 years old, Ambrose, 22 years old, Stella, 17 years old, and Jules, 15 years old, as her only heirs. Darwin Sellergren, defendant-appellee, qualified as administrator of her estate.

Viona Hausen, the plaintiff-appellee, has three living chil-

dren, and Herene A. Dahlquist, appellant, has five living children. Of the first, two are minors. All of the latter are minors.

On June 24, 1940, the plaintiff-appellee, individually and as a trustee under the will of the testator, filed her petition in equity, alleging her ownership in fee simple of a two-fifteenths interest in the land, reciting the facts set out herein, listing those interested in the real estate, and the fractional undivided share of each acquired under the will and under the trust agreement of the testator's widow, and alleged that Laun, Herene and Viona were the only qualified trustees. In the petition and amendments thereto, she further alleged that several of the owners were minors:

"That it is impossible for the Trustees * * * to equitably divide the real estate * * * in kind, for the reason that said real estate consists of various parcels, some of which are improved and some of which are not improved, and for the further reason that it is impossible to divide said real estate into as many parcels as there are various owners, without destroying the value of said real estate; that it would be inequitable, unjust and unfair to the various owners to divide the real estate in kind; that it is necessary to sell said real estate and divide the proceeds derived therefrom among the various owners, * * * in order to make a fair, just and equitable distribution thereof; that the Trustees are unable to agree among themselves upon a division or sale of said real estate.

" * * * that the Trustees fail, neglect and refuse and continue to fail, neglect and refuse to divide the real estate or sell same and divide the proceeds among the beneficiaries although often requested by the beneficiaries or some of them to do so; that there is no possibility of the Trustees agreeing among themselves upon the distribution of the trust and there is no possibility of the Trustees dividing said real estate or selling same and dividing the proceeds."

She prayed judgment confirming the shares as alleged, quieting title thereto, ordering a sale of the property if it could not be equitably divided, a division of the proceeds of sale according to the respective interests, and the other relief commonly prayed for in a partition suit.

The appellants filed motion on January 27, 1941, to dismiss the petition as amended upon the following grounds: (1) Under the testator's will, two thirds of his estate passed to Laun, Herene, and Viona upon the trust that they were granted full power to sell said trust estate, for such prices and terms as they saw fit, to carry out the trust, and that upon the death of testator's wife they were to divide the estate into five equal parts as provided in the will; (2) the will does not grant the trustees, or any of them the power to institute a partition action, but invests them with the duty and discretion of dividing the estate, and equity will not substitute its judgment for such duty and discretion; (3) that in making such division, the trustees are not required to transfer to plaintiff-appellee a two-fifteenth part in each item of property but may transfer to her more or less, so long as the part is equal to the other four parts, and when the division is made it will be conclusive on her; (4) plaintiff-appellee in her individual capacity has no legal or equitable estate or interest in the real estate and is therefore not entitled to maintain the proceedings; (5) that as cotrustee she does not hold such an estate or interest to authorize her to maintain the proceeding; (6) the trust created by the will is not a naked, dry, or passive trust, but is an active and subsisting trust; (7) the will specifies a definite time for terminating the trust; (8) that the partition and sale would substitute the judgment of the court for that of the trustees, would defeat the intention of the testator, violate the trust provisions of the will, prevent the trustees in their discretion from retaining any interest in the real estate for Leroy, and would compel the trustees to breach their trust.

The surviving husband and the children of Irene Erickson, deceased, filed answer December 12, 1940, alleging that Irene Erickson did not qualify as trustee and had nothing to do with the administration of the trust, that they have requested the trustees to divide the real estate and they have neglected, failed, and refused to do so, and it is the judgment of these defendant-appellees that the real estate cannot be divided by the trustees or be partitioned in kind. They joined in the plaintiff-appellee's prayer for relief. There was no reply.

On November 17, 1941, the will of the testator was duly allowed and admitted to probate in the district court of Montgomery county, Iowa.

The motion to dismiss was overruled on March 8, 1941.

I. The first point which the appellants argue as a ground for reversal is that at the time the petition was filed, and when the order appealed from was entered, the will of the testator had not been admitted to probate in Iowa. They rely upon section 11882, Code of Iowa, 1939, which provides that wills, foreign or domestic, shall not be carried into effect until admitted to probate. We find no merit in this contention. The rights of all parties to this suit, with respect to at least two thirds of the real estate, are based upon the will of the testator. It is fundamental law that a will speaks from the death of the testator, and the rights of the parties hereto accrued at that time. Proof of the probate of that will may be necessary in establishing those rights, but such proof was not a condition precedent to the commencement of the suit. In Otto v. Doty, 61 Iowa 23, 26, 15 N. W. 578, 579, a like contention was made. In disposing of it, the court said:

"We reach the conclusion, then, that there is no valid objection either to the will or the probate thereof. It is objected by the defendants, however, that the admission of the will to probate in the circuit court of Story county was too late. This action, it seems, had already been commenced. The defendants' theory is that at the time the plaintiff commenced her action she had no cause of action. But, in our opinion, the most that can be said is that at that time she merely lacked the means of proof. Her title vested at the death of the testator. To prove it, however, it was necessary for her to put in evidence the will; and to do that, it was necessary that it should be probated, not only in Tennessee, but in Iowa. We think that it was sufficient that the will had been so probated at the time it was offered in evidence."

Probate of a will is the statutory method of establishing the proper execution of the instrument, but it is, nevertheless, a valid instrument before and independent of such proof, and while the probate of a will is necessary to perfect it as an

instrument of title, yet without probate it is capable of conveying an interest in land. See, also, Van Pappelendam v. Thomas, 157 Iowa 358, 362, 137 N. W. 952; In re Estate of Bernhard, 134 Iowa 603, 607, 112 N. W. 86, 12 L. R. A., N. S., 1029; Olleman v. Kelgore, 52 Iowa 38, 40, 2 N. W. 612; In re Estate of Goldthorp, 94 Iowa 336, 339, 62 N. W. 845, 58 Am. St. Rep. 400; Stephenson v. Stephenson, 64 Iowa 534, 537, 21 N. W. 19; Ruggles v. Powers, 201 Iowa 284, 285, 207 N. W. 116.

An amendment to the abstract, which has not been challenged in any way, shows that the will has now been duly admitted to probate in the district court of Montgomery county, Iowa.

■ II. Appellants urge several other points but the essence of them is that the plaintiff-appellee has no such right, title, interest, or estate in the land to entitle her to maintain the action. They insist that the land was devised to the trustees and the title is in them, and that the appellees are not in possession and are not entitled to possession. They make no claim that the will by its terms effects an equitable conversion of the real estate into personalty. In fact, throughout their argument, they insist that the testator by his will directed the trustees to divide and distribute the trust estate *in kind* into five equal parts upon the death of his wife. We will not take issue with them on this point. Persuasive reasons may be urged that such was the intention of the testator. In the fore part of his will he gave the trustees full power to sell and convey any and all of the trust property and reinvestments thereof, at such times and prices and terms as they might see fit. He did not make it their duty to do so. Neither did he, expressly or by implication, imperatively demand that they do so. Neither was it necessary to carry out the purposes of the trust that the property be sold, or converted into cash. Indeed, the will clearly shows that the trust property, including the real estate, might be sold and the proceeds reinvested in real estate. He left the entire matter to the discretion of the trustees. But in a later paragraph of the will he took away this discretion from the trustees. During the lifetime of his wife, he was interested in having the estate bring in an income for her, and he permitted the trustees to

use their own judgment in managing the property. But he gave express and definite instructions to the trustees as to what they should do upon the death of his wife. In the paragraph in which he permitted the trustees to use their discretion, he used the words "sell and convey." But the language of the subsequent paragraph is as follows:

"In the event my Trustees shall make no sale of any of my said real estate prior to the death of my wife, then upon the death of my wife, I *direct* that the trust estate be *divided* into five equal parts as near as may be and that one part thereof be *transferred, conveyed* and set over to each of my children, Irene Erickson, Laun Emory Dahlquist, Herene A. Dahlquist and Viona Hausen, and that my Trustees retain the other one-fifth part and pay the net income therefrom to my son, Leroy Dahlquist, or for his care, maintenance and support. The division made by my Trustees of said trust estate shall be final, binding and conclusive upon all persons who may be interested therein." (Italics are ours.)

In this paragraph the testator gave an imperative instruction that on his wife's death the trustees should *divide* the trust property and *convey* and set it over in severalty to the children. The last sentence of the paragraph plainly shows that it was to be a division in kind, and not in cash, because in the latter case there could be no reason to question the equality of the shares. A division of the 450 acres into five parts would have given each child a substantial acreage. By this paragraph it was the clear intention of the testator to terminate the trust with respect to four of his five children. Its continuance thereafter as to them would not be an active trust, but a dry, passive one. His widow died August 23, 1938, and there has been no compliance with the testator's direction. The daughter, Irene, died more than a year before her mother's death, leaving her husband and four children surviving her, who are entitled to the mother's share.

While the naked legal title to two thirds of the land was in the trustees, the equitable interest and title were in the beneficiaries. At this time, or within a reasonable time thereafter, Viona, Laun, Herene, and those entitled to Irene's share, were

entitled to have their respective shares set apart to them in severalty for their separate possession.

Only three of the appointed trustees ever qualified. According to the allegations of the petition, which insofar as they are well-pleaded, must be taken as true, they have not been able to agree upon a division or sale, and there is no apparent possibility of their doing so. The plaintiff-appellee instituted the partition suit as an individual and as a trustee. In the latter capacity, she had legal title to the land jointly with her co-trustees. We need not pass upon her right to seek partition as a trustee. But she unquestionably had a legal right to do so as an individual. She owned in fact an undivided share in the real estate free of any trust. So also did the other beneficiaries, except Leroy. Neither she nor they were required to sit idly by, nor to protest in vain, while the trustees neglected, failed, and refused to carry out the trust as directed by the testator. They were and are entitled to ask a court of equity to partition the land. No other rights or interests intervene to prevent it. Such proceedings will not frustrate the intentions of the testator, but will carry them out insofar as that can now be done. His intentions were somewhat thwarted when his surviving widow refused to take under the will. Her disposition of a one-third interest in the property, by her trust agreement, rendered the fulfillment of his plan still more difficult. The death of Irene, leaving a husband and children to share in her estate, has further complicated the situation.

The plaintiff-appellee has prayed for a partition, or, if that cannot be equitably done, that the land be sold and the proceeds be distributed. Which relief shall be granted is for the trial court, and not this court, to say. But the appellees are entitled to ask for one or the other form of relief. There is no provision in the statutes prohibiting it.

Our decisions hold that the suit may be maintained when the parties are entitled to the present possession of their interests in severalty. See Traversy v. Bell, 195 Iowa 1243, 1246, 193 N. W. 439, and Anderson v. Anderson, 227 Iowa 25, 37, 286 N. W. 446, and cases cited therein. The appellees fully meet this requirement.

Appellees have, at least, an equitable estate in the property,

and a right to its present possession, and these, under principle and precedent, entitle them to the relief prayed for. See 47 C. J. 299, 300, sections 83, 86; Royston v. Miller, 9 Cir., Nev., 76 F. 50, 58; Yedor v. Chicago City Bank & Trust Co., 376 Ill. 121, 33 N. E. 2d 220, 224 et seq.; Stein v. McGrath, 128 Ala. 175, 30 So. 792, 793; Short v. Patton, 79 W. Va. 179, 90 S. E. 598, 601; Stewart v. Stewart, 122 Va. 642, 95 S. E. 388, 389; Weaver v. Patterson, 92 N. J. Eq. 398, 111 A. 506; Morgan v. Big Woods Lumber Co., 198 Ky. 88, 249 S. W. 329, 337; Tibbetts v. Tibbetts, 113 Me. 201, 93 A. 178, 179, 180; Martin v. Martin, 250 Mo. 539, 157 S. W. 575, 577; Hazlett v. Moore, 372 Ill. 192, 23 N. E. 2d 57, 59; Harris v. Ingleside Building Corp., 370 Ill. 617, 19 N. E. 2d 585, 588; Lach v. Weber, 123 N. J. Eq. 303, 197 A. 417, 419; Fox v. Fox, 250 Ill. 384, 392, 95 N. E. 498, 502. In the last-cited case, the court said:

"If they [the trustees] cannot agree it is not reasonable to construe the trust to mean that it should continue indefinitely. * * *

"When the purposes of the trust have been fulfilled and the trustee holds the property on a simple trust, the beneficiaries having the absolute equitable ownership of the fund are entitled to have the trust terminated. * * * (2 Perry on Trusts — 2d ed. — sec. 920.) From everything shown in this record we think it is clear that for the benefit of all parties this trust should be terminated and the subject matter divided among the beneficiaries."

See, also, Elvins v. Seestedt, 141 Fla. 266, 193 So. 54, 126 A. L. R. 1001; 20 R. C. L. 752, section 33, page 1175, section 9; 65 C. J. 743, section 609, in support of the principle stated above in Fox v. Fox that where the purpose of the trust has been effected, and it becomes a simple, naked, dry, passive trust, a court of equity may terminate it and order distribution of the trust estate among the beneficiaries.

Appellants have cited Goldsmith v. Petersen, 159 Iowa 692, 141 N. W. 60; Schaal v. Schaal, 203 Iowa 667, 213 N. W. 207; Shillinglaw v. Peterson, 184 Iowa 276, 167 N. W. 709, and some cases from other jurisdictions, but they do not aid them.

■ III. What we have said is sufficient for an affirmance, but it will not be out of place to refer to the trust agreement of the testator's widow. The trustee therein and also the beneficiaries are all parties to this suit, and their rights may and should be determined in this action. While the instrument is not as definite in its provisions as it might have been made, and it is not entirely clear as to the rights of the beneficiaries respecting any control they may have of the trust property, nor as to the termination of the trust as to some of them, it is perhaps fair to say that their interests are in the proceeds and avails of the property, rather than the corpus of the trust. We think also that the reasonable construction of its terms indicates that there should be a distribution of the distributive shares to those who are 21 years old or older. This distribution can be equitably done only by selling this undivided one third of the real estate with the two thirds disposed of by will, or by such other method as may appear to the trial court to be right and equitable. The trust may continue as to Leroy, and any minor beneficiaries, with respect to their respective shares in the proceeds of any sale.

It is our judgment that the order of the trial court should be affirmed. It is so ordered and the cause is remanded for further disposition by the district court as provided by law and the pertinent statutes.—Affirmed and remanded.

MITCHELL, GARFIELD, SAGER, HALE, MILLER, STIGER, and OLIVER, JJ., concur.