## CIRCUIT COURT OF FAIRFAX COUNTY

Adams et al.

v.

Central Fidelity Bank et al.

Case Nos. (Law) 136742 and (Chancery) 133583

Tozzi et al.

v.

Central Fidelity Bank et al.

Case Nos. (Law) 137807 and (Chancery) 133545

June 19, 1995

By Judge Michael P. McWeeny

The above-referenced matters came before the Court on Defendants' Demurrers and Motions for Election of Remedies, and the parties presented oral argument on May 11, 1995. After hearing oral argument, the Court took the cases under advisement. The Court has now had the opportunity to review the briefs submitted and the authorities cited by the three groups of defendants. For the reasons set forth more fully below, the Court makes the following rulings as to the categories of defendants as they were referred to by the parties in their argument.

### Demurrers

The Court sustains the demurrer with leave to amend of the Developers to the action at Law Counts III and IV and the suit in Chancery Counts V and VI.

The Court sustains the demurrer with leave to amend of Central Fidelity Bank as to the action at Law Counts III and IV, and the suit in Chancery

Counts V and VI; sustains the demurrer without leave to amend as to the action at Law Count VI; and overrules the demurrer as to the law action Counts I, II and V, and chancery suit Counts I, III and IV.

The Court sustains with leave to amend the demurrer of the individual sales agents as to Counts III and IV of the law action, as well as the general demurrer to all of the claims in chancery.

As for the argument set forth on demurrer in the law action by some of the developers in Count III, the sales agents in Counts IV and VI and the developers in Count V, that the claims should be dismissed for failure to seek relief against them, the court generally agrees with the parties' contention. The court does not believe, however, that a demurrer may be used to address this deficiency, as the rules of pleading do not require relief to be sought from the same defendants on each claim pursuant to Va. Code § 8.01-281 (Michie 1992). The failure to name all of the defendants in every severable claim is not grounds to dismiss; where no relief has been sought, there has been no cause of action stated, and therefore no need to grant a motion to that effect.

### Motions to Elect

The Court grants the motions of all three groups of defendants to compel plaintiffs to elect their remedy.

### Facts

In order to understand the categories of defendants, a brief summary of the pleadings is appropriate.

Before the Court are two sets of plaintiffs, each of whom have brought respective claims At Law and In Chancery for the alleged fraudulent scheme of the defendants to sell undeveloped lots in Spotsylvania County known as "South Woods." The matter styled *Adams et al. v. Central Fidelity Bank et al.* is brought by fifty-four purchasers of such lots. The "Law" matter names twenty-one defendants; the same plaintiffs in the "Chancery" matter name ten defendants. In the matter styled *Tozzi et al. v. Central Fidelity Bank et al.*, the two plaintiffs are the joint purchasers of one lot, and bring the "Law" matter against eleven defendants, and the "Chancery" matter against eight defendants. Throughout the pleadings, memoranda, and during oral argument, the parties refer to three categories of defendants, the "developers," the "agents," and Central Fidelity Bank.

Plaintiffs allege that in order to promote the failing South Woods project, Central Fidelity Bank entered an agreement with the developers

which resulted in fraud of the purchasers. The pleading asserts that Central Fidelity Bank and the developers planned to market the project in two phases, offering to buy timeshare condominium interests of the prospective purchasers as an incentive to purchase lots in the first phase. The developers would in turn use those funds to promote the sales of the remaining lots. Any excess money from timeshare purchases would be deposited in a special escrow account and used to make payments on the promissory notes that had been assigned to Central Fidelity Bank in conjunction with the lot purchase pursuant to the agreement. To carry this out, Central Fidelity is alleged to have provided the developers and agents with forms to set up the necessary accounts.

The Motions for Judgment at law seek compensatory damages on theories of fraud under Virginia law, as well as alleged violations of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701-1720. The Bill of Complaint likewise presents claims for fraud and for violation of the Interstate Land Sales Full Disclosure Act and seeks rescission.

### Analysis: Demurrer

A demurrer tests whether the plaintiff's pleading states a cause of action upon which relief can be granted. Va. Code Ann. § 8.01-273(A) (Michie Supp. 1993).

### A. Fraud

#### 1. Claims Not Stated With Sufficient Particularity

All of the defendants, the developers, the sales agents, and Central Fidelity, argued that the allegations of fraud were not set forth with sufficient particularity. The Court agrees and the demurrer is sustained with leave to amend.

#### a. Developers and Agents

The law in Virginia requires claims of fraud be pleaded with particularity. *See Tuscarora v. B.V.A. Credit Corp.*, 218 Va. 849 (1978). A proper claim for fraud must set forth the misrepresentation; knowledge, if it is a claim for actual fraud; justifiable reliance; and injury to the plaintiff. *Id.* Pursuant to *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22 (1993), it is unnecessary for the claim to give details of proof in order to withstand demurrer; the claim is sufficiently drafted where a defendant cannot mistake the true nature of the claim. *CaterCorp*, at 24. While the general scheme of fraud can be discerned from the pleading in the case at bar,

plaintiffs' method of grouping the defendants into categories makes it impossible to ascertain what representations were made to whom, when the representations were made, and if a particular plaintiff relied on any of statements in formulating their buying decision. The court therefore sustains with leave to amend the demurrers of all three defendants as to Counts III and IV of law action, and Counts V and VI of the suit in chancery.

In addition, various defendants have presented demurrers based on the failure of the plaintiff to seek relief against them. The rationale for these demurrers seems to be twofold. First, there are some defendants who have been grouped into more than one category in the definitional section. For instance, John Chrisemar is named both in his capacity as a sales agent and as an officer or director of one of the "developer" corporations. In sustaining the demurrer to the fraud claim, the court directs that such ambiguities be clarified through more precise pleading.

The second rationale for these demurrers seems to lie in the above-stated reasoning that a demurrer is needed to dismiss parties from claims in which no relief has been sought. For instance, in the law matter, Count III addresses the fraud against the sales agents only, Count IV against the developers only, and Count V against Central Fidelity alone. The Court reiterates that it is not necessary to seek the same relief against every defendant, and a demurrer cannot be sustained where no relief is being sought.

### b. *Central Fidelity's Status as Joint Venturer*

### i. *Law Matters*

Regarding Central Fidelity Bank, the plaintiffs in Counts V and VI of the law matters argue that the bank is liable as a joint venturer. The bank, however, contends that the pleading is devoid of facts to suggest the existence of a joint venture. Regarding Law Count V for fraud, Central Fidelity argues that even inferring an agreement to share profits, there are no facts to suggest an agreement to share losses, or an equal control of management decisions. *See Shintom American, Inc. v. Cellular Info. Network, Inc.*, 825 F. Supp. 108, 111 (E.D. Va. 1993); *Ortiz v. Barrett*, 222 Va. 118, 131 (1981). The Court overrules the demurrer to the extent that it finds sufficient inferences of a joint venture, but still requires that the fraud from which this claim derives to be stated with particularity.

Regarding Law Count VI, for violation of the Virginia Consumer Protection Act, Va. Code § 59.1-196, et seq., the plaintiff contends that the

statute is remedial in nature and therefore should be construed broadly. Despite the language of Va. Code § 59.1-199(D) excluding banks and other entities likewise regulated and supervised by the State Corporation Commission and other federal regulatory bodies, the plaintiffs submit that the bank should be liable. They argue that the bank is being sued in its status as either a developer or joint venturer, rather than as a bank acting in its financing capacity, and therefore does not fall within the intent of the statute.

The exclusions section of Virginia Consumer Protection Act chapter states, "Nothing in this chapter shall apply to . . . Banks . . . ." Furthermore, the court in *Smith v. United States Credit Corp.*, 626 F. Supp. 102 (E.D. Va. 1985), held that under 15 U.S.C. § 1603, consumer real estate transactions are covered by the Federal Consumer Protection Act, and the Virginia Consumer Protection Act thus does not apply. The Court finds that the language of the statute is clear, does not make any exceptions for the capacity in which the bank is being pursued, and therefore controls. The Court sustains the demurrer to Count VI of the at law matters without leave to amend.

ii. *Chancery Matters*

In Counts V and VI of the chancery matters, seeking rescission on the ground of fraud, Central Fidelity submits that plaintiffs' response to its demurrer was its first indication that the claim was being pursued based on the bank's status as a non-holder in due course rather than for vicarious liability for statements made by the sales agents. The Court finds that regardless of the theory, vicarious liability or lack of status as a holder in due course, the essence of this claim derives from fraud and must be pleaded with particularity. Therefore the demurrer is sustained with leave to amend.

B. *Allegations Insufficient as to the Individual Sales Agents in Chancery*

As for all of the allegations against the individual sales agents in the chancery matters, the court sustains their general demurrer with leave to amend. The defendants contend that where rescission is the relief being sought, the agents are not necessary or proper parties, as they do not possess the notes, the deeds of trust or timeshares, and there is no proper prayer for relief against them. The Court agrees that the pleading has failed to state why the sales agents have been named, how they are liable and what relief is being sought against them.

## C. *Liability of Central Fidelity Bank Pursuant to the Interstate Land Sales Full Disclosure Act*

In the law matters, Counts I and II, and the chancery matters, Counts I, III, and IV, the plaintiff argues that the bank is liable pursuant to the Interstate Land Sales Full Disclosure Act. Plaintiff argues that the Act applies to developers and that the bank should be considered a developer due to the degree of the bank's involvement in approving the South Woods Marketing Agreement.

### 1. *Claim That Central Fidelity Acted as a Developer*

The plaintiffs argue that Central Fidelity Bank was active in marketing the South Woods project, and therefore acted beyond their capacity as a financier. Plaintiffs submit that the Land Sales Act defines a developer as any person who directly or indirectly sells or offers to sell lots in a subdivision. 15 U.S.C. § 1701(5). Subsection 11 defines the term "offer" to include any attempt to encourage a person to acquire a lot in a subdivision. Pursuant to *Hammar v. Cost Control Mktg. and Sales Mgt.*, 757 F. Supp. 698, 702 (W.D. Va. 1990), the financial institution may be found to be a statutory "developer" under the Land Sales Act when it "exceeds a normal course of dealing in the context of a real estate project," including purposeful involvement in advertising. Plaintiff therefore argues that the bank's approval of the marketing agreement and participation in the time-share scheme should constitute developer status.

Central Fidelity, however, contends that none of the facts in the pleading allege acts beyond the ordinary course of the financing business. Central Fidelity argues that any actions that may be inferred from the facts pleaded do not rise to the level of participation of the bank at issue in *Timmreck v. Munn*, 433 F. Supp. 396, 406 (N.D. Ill. 1977), where the court allowed the claim to survive a motion to dismiss.

The Court overrules the demurrer. Regardless of difficult track record litigants have had in proving that a bank has exceeded its role as the financier of a project in order to attach "developer" status pursuant to the Act, the case at bar is still at the pleading stage. The court finds sufficient inference of what may be deemed sales activity to allow the claim to proceed.

### 2. *As Aider and Abettor*

Central Fidelity likewise presented argument in its memorandum supporting the demurrer and at the hearing that it not be classified as an

"aider and abettor" to attach liability pursuant to the Land Sales Act. The plaintiff contends, and the Court agrees, that the grounds of the demurrer were not properly set forth in writing pursuant to Va. Code § 8.01-273, and therefore should be overruled.

### Analysis: Motions to Elect

#### A. *General Argument of All Defendants*

All three groups of defendants argue that the Adams and Tozzi law actions and chancery proceedings assert virtually identical factual allegations and move to compel the plaintiffs to elect their remedy. *See Jennings v. Realty Developers, Inc.*, 210 Va. 476 (1970) (following *Pollard & Bagby, Inc. v. Thalhimer, Inc.*). Plaintiffs contend that this procedure has been abolished by the enactment of Va. Code §§ 8.01-272 and 8.01-281 and Virginia Supreme Court Rule 1:4(k) subsequent to the ruling in *Jennings*, liberalizing the joinder of claims and parties. Alternatively, if an election must be made, the plaintiff contends it may only be after defendants have filed an answer. The Court disagrees and directs the plaintiffs to elect whether to proceed in law or chancery.

The change in the rules of procedure by the General Assembly reflect a radical departure from the pleading rules at the time the *Jennings* and *Pollard & Bagby* cases were decided. The interpretation that the plaintiffs are seeking to attach to these changes would be even more radical by eliminating the long-honored distinction in Virginia courts between law and chancery. *See e.g., Packett v. Herbert*, 237 Va. 422 (1989). The adoption of Rule 1:4(k) and Va. Code §§ 8.01-272 and 8.01-281 allow for the pleading of alternate and even inconsistent facts, theories, and parties within the same claim. They do not address their provisions to multiple claims. As the court stated in *Dixon v. Robertson*, 5 Va. Cir. 544, 545 (1979), "one party plaintiff may plead as many matters of law or fact *in a single action* as he may desire and may join a claim in tort with one in contract . . . ." (emphasis added) p. 545. *See also Crunk v. T C Land Devel. Corp.*, slip op. at 2 (Chancery No. 118046; at Law 93663, April 16, 1991).

In *McLeskey v. Ocean Park Investors*, 242 Va. 51, 55 (1991), cited by the plaintiffs, the court approved the pleading of the inconsistent remedies of specific performance and rescission, implying that plaintiff need only

select the remedy that he shall try first. The defendants argue, and the court agrees, that on the facts of that case the court would have allowed inconsistent remedies in one action. The court did not address bringing two suits at once, and therefore does not provide precedent for the case at bar.

This Court is not persuaded that the alternative pleading rules would allow for actions to proceed simultaneously in law and equity. The court finds that regardless of the seeming logical anomaly of the revised pleading procedure there is nonetheless a lack of authority to extend the alternative pleading rules to more than one case at a time.

Nor does the court find that the Land Sales Full Disclosure Act supports the proposition that the matters may proceed simultaneously. Rather, the language of the Act is in the conjunctive, and only in a very narrowly defined circumstance allows for legal and equitable claims in pursuit of providing one full recovery.

## B. *Distinction for Central Fidelity*

The plaintiff argues that regardless of the decision relating to the other defendants, Central Fidelity is not being sued in the same capacity in the law and chancery matters, and therefore should not be compelled to elect. The bank, however, argues that both matters touch on the same subject matter, the standard set forth by *Jennings* for an election. The court finds that because the facts have been cumulatively pleaded, and more importantly, to preserve the distinction between law and chancery and their attendant procedural differences, the court nonetheless directs the plaintiffs to elect their remedy as to Central Fidelity as well.

In light of the foregoing rulings, the Plaintiff is granted leave to amend Law Counts III and IV and the entire suit in Chancery (should they so choose) within twenty-one days of the entry of the Order.