146

# CIRCUIT COURT OF LOUDOUN COUNTY

Ronald D. Hutton,
an infant, by his mother
and next friend,
Debra Hutton

    v.

Burke & Herbert Bank
and Trust Co. et al.

July 6, 1998

Case No. (Law) 19842

BY JUDGE THOMAS D. HORNE

Plaintiff, a minor, has filed an eight-count First Amended Motion for Judgment in which he seeks recovery for injuries allegedly sustained as a result of the ingestion of lead-based paint. He contends that the paint was used as a covering on a home leased to his parents. Defendant Burke & Herbert Bank has been sued in its capacity as both Trustee of the Lyon Trust and individually as manager and landlord of the property. The property, known as the "Otley House," is listed among the assets of the Lyon Trust.

In the first amended motion for judgment, the plaintiff seeks recovery against the Trustee of the Lyon Trust upon theories of negligence (Count I), breach of implied warranty of habitability (Count II), violation of the Virginia Consumer Protection Act (Count III), and violation of the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. § 4822, *et seq.* (Count IV). Recovery is sought against Burke & Herbert Bank, as manager, lessor, and/or landlord based upon theories of negligence (Count V), breach of an implied warranty of habitability (Count VI), violation of the Virginia Consumer Protection Act (Count VII), and violation of the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. § 4822, *et seq.* (Count VIII).

Defendants have filed demurrers to each of the counts contained in the First Amended Motion for Judgment.

Based upon a consideration of the arguments of counsel, the Court is of the opinion that the demurrers filed by the defendants should be sustained as to each count of the amended motion for judgment, with the exception of those claims against the defendants based upon the common law duty owed by the Bank individually and as trustee to warn the tenants of known latent defects, including any duty to repair such defects (Counts I and V) and upon the statutory warranties of habitability provided for in the Virginia Landlord and Tenant Act, § 55-248.2, *et seq.*, Code of Virginia (Counts II and VI).

This action is governed by the general rule relating to the obligation owed by a landlord to a lessee regarding liability for defects in the leased premises upon surrender of the premises. The rule would limit recovery to those situations in which there has been an agreement to repair, a warranty of the condition of the premises, or a fraud or concealment of a known defect by the landlord. *Powell v. Orphanage*, 148 Va. 331 (1927); *Caudill v. Gibson*, 185 Va. 233 (1946); *Oliver v. Cashin*, 192 Va. 540 (1951). While the landlord's duty does not extend to open and obvious defects in the premises, the Court is of the opinion that this issue is not ripe for adjudication on demurrer. Cf. *Aragona Enterprises v. Miller*, 213 Va. 298 (1972). A landlord is under no implied covenant to repair the premises. *Caudill, supra.*

The Court has, consistent with the view expressed by the court in *Adams v. Central Fidelity*, 38 Va. Cir. 14 (1995), previously determined that the Virginia Consumer Protection Act does not apply to this case.

Plaintiff's claim based upon a common law implied warranty of habitability must also fail for the reasons stated by the defendants. There exists no common law implied warranty of habitability between the landlord and tenant. See *Powell, supra.*

Pursuant to the provisions of § 55-248.13, a landlord is required to meet certain obligations relating to the habitability of the leased premises. Defendants challenge the right of the plaintiff to seek such relief in this case. It is asserted that the defendants are excluded from coverage under the Act and that any such statutory duties do not apply in this case.

Central to the argument of the defendants is the exclusion from coverage under the Virginia Landlord and Tenant Act of occupancies where the owner is a natural person or their estates and such owner does not own more than ten single-family residences subject to a rental agreement. § 55-248.5, Code of Virginia. The term "natural person" is defined by the Act as follows:

wherever the chapter refers to an owner as a "natural person," includes co-owners either as tenants in common, joint tenants, tenants in partnership, tenants by the entirety, trustees or beneficiaries of a trust, or any lawful combination of natural persons permitted by law.

§ 55-248.4, Code of Virginia.

Defendants suggest that the only relevant inquiry under the statute is who is the owner. As the Bank as trustee is the owner, then it cannot be held liable under the Act either as trustee or individually.

The Court finds itself in disagreement with the position taken by the defendants. A plain reading of the statute in question reflects an intent on the part of the legislature to exclude from coverage legal entities which are co-owners with natural persons. No such ownership is alleged in this case. Accordingly, the demurrers to Counts II and VI are overruled.

The Court finds no duty owed by the defendants to the plaintiff upon which recovery could be sought pursuant to the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. § 4822 *et seq.*